THE STATE OF OHIO, APPELLEE, *v.* REED, APPELLANT.

[Cite as *State v. Reed* (1996), 74 Ohio St.3d 534.]

(No. 95–1048—Submitted September 15, 1995—Decided February 14, 1996.)

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *L. Susan Laker,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, and *Gloria Eyerly,* Assistant Public Defender, for appellant.

WRIGHT, J. The only issue to be decided at this stage of the case is whether the appellant has raised a "genuine issue" as to his claim that he was denied effective assistance of appellate counsel, according to the dictates of App.R. 26(B)(5). We express no judgment on appellant's contention that he was denied his constitutional right to defend himself. Rather, we are concerned solely with the standard of review to be applied when assessing a defendant's request for reopening an appeal under App.R. 26(B)(5).

In denying the application for reopening, the court of appeals applied the *Strickland* standard for determining whether a defendant is entitled to a new trial. While this court has not expressed its view on adopting that standard for reopening appeals, the federal courts have used and now use *Strickland* to assess requests in cases alleging ineffective assistance of appellate counsel. See *Duhamel v. Collins* (C.A.5, 1992), 955 F.2d 962, 967; *Heath v. Jones* (C.A.11, 1991), 941 F.2d 1126; *Cross v. United States* (C.A.11, 1990), 893 F.2d 1287. We hold that the two-prong analysis found in *Strickland* is the appropriate level of review to determine whether an appellant has raised a "genuine issue" in an application for reopening an appeal under App.R. 26(B)(5).

In the present case, appellant contends that his appellate counsel was ineffective in failing to raise the trial court's denial of his constitutional right to represent himself. In *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, the United States Supreme Court held, without equivocation, that a criminal defendant has a Sixth Amendment right to self-representation. In *McKaskle v. Wiggins* (1984), 465 U.S. 168, 177, 104 S.Ct. 944, 950, 79 L.Ed.2d 122, 133, at fn. 8, the court further held that the denial of the right to self-representation is reversible error *per se* and therefore that it may not be subjected to the harmless-error analysis.

Upon examining appellant's appellate counsel's performance in its entirety, we find that appellant has met both prongs of the *Strickland* standard. The failure to raise a constitutional issue of such magnitude as self-representation clearly

constitutes deficient performance. It is equally clear that, since appellant had a "reasonable probability" of success if this claim had been asserted, appellate counsel's failure to do so was prejudicial. Accordingly, appellant's appeal must be reopened so the court of appeals can determine whether Reed was denied his right to represent himself. We reverse the judgment of the court of appeals and remand with instructions to grant appellant's application to reopen his appeal and consider the merits of his claim.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., PFEIFER and COOK, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.