[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
We overrule the appellant's first assignment of error, challenging the trial court's refusal to permit appointed counsel to withdraw from representing the appellant at trial, because the record does not demonstrate "a breakdown in the attorney-client relationship of such magnitude as to jeopardize [the appellant's Sixth Amendment] right to [the] effective assistance of counsel." See State v. Coleman (1988), 37 Ohio St.3d 286,525 N.E.2d 792, paragraph four of the syllabus; accordState v. Henness (1997), 79 Ohio St.3d 53, 65,679 N.E.2d 686, 697.[1]
We also overrule the appellant's second assignment of error, in which he challenges the balance struck by the jury in weighing the evidence before it, because we find nothing in the record of the proceedings below to suggest that the jury, in resolving the conflicts in the evidence, lost its way or created such a manifest miscarriage of justice as to warrant the reversal of the appellant's conviction. See Tibbs v. Florida (1982),457 U.S. 31, 102 S.Ct. 2211; State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717.
Therefore, we affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
PAINTER, P.J., WINKLER and SHANNON, JJ.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on February 9, 2000
per order of the Court.
Presiding Judge
[1] The appellant did not request the appointment of new counsel, but instead asked to represent himself at trial. The challenge now presented to the denial of the appellant's Sixth Amendment right to the effective assistance of counsel cannot be read to allege a denial of his "correlative" Sixth Amendment right of self-representation. See Faretta v. California
(1975), 422 U.S. 806, 814-815, 95 S.Ct. 2525, 2530-2531 (quotingAdams v. United States ex rel. McCann [1942],317 U.S. 269, 279, 63 S.Ct. 236, 241); accord State v. Gibson
(1976), 45 Ohio St.2d 366, 345 N.E.2d 399, paragraph one of the syllabus; see, also, State v. Reed (1996), 74 Ohio St.3d 534,535, 660 N.E.2d 456, 458 (citing Faretta for its "unequivoca[l]" declaration of the Sixth Amendment right of self-representation, and McKaskle v. Wiggins [1984],465 U.S. 168, 177, 104 S.Ct. 944, 950, fn. 8, for its holding that a denial of the right is "reversible error per se and therefore * * * not * * * subject to * * * harmless-error analysis").