DECISION AND JOURNAL ENTRY
Appellant, George D. Hedrick, appeals his conviction in the Summit County Court of Common Pleas. We reverse and remand.
 I.
On July 2, 1997, the Summit County Grand Jury indicted Mr. Hedrick on two counts of rape, in violation of R.C.2907.02(A)(1)(b); two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4); and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1). These charges arose out of appellant's conduct with his stepdaughter. In a journal entry dated January 6, 1998, pursuant to a plea agreement, the two counts of rape in the indictment were amended to the lesser included offense of sexual battery. During the hearing on his plea, the trial court explained to Mr. Hedrick the possible sentences of the various charges to which Mr. Hedrick would be pleading guilty. The trial court also asked Mr. Hedrick whether he had adequate representation, whether Mr. Hedrick was on any medication, which would interfere with his ability to understand the proceedings, and whether Mr. Hedrick had any questions regarding the charges. The trial court further cautioned Mr. Hedrick that he could be adjudged a sexual predator and explained the reporting requirements of R.C. Chapter 2950. However, the trial court did not advise Mr. Hedrick of the constitutional rights that he would be waiving by entering a guilty plea as required under Crim.R. 11. Subsequently, Mr. Hedrick pleaded guilty to two counts of sexual battery and three counts of gross sexual imposition. He was sentenced accordingly. Mr. Hedrick was also adjudged to be a sexual predator, pursuant to R.C. 2950.09.
On his initial appeal, Mr. Hedrick appealed the sentences imposed by the Summit County Court of Common Pleas to this court. We affirmed the judgment of the trial court regarding appellant's sentencing on Feb. 9, 1999. See State v. Hedrick (Feb. 9, 1999), Summit App. No. 18955, unreported. Subsequently, Mr. Hedrick timely filed an application for reopening this appeal pursuant to App.R. 26(B), which this court granted on June 25, 1999. Appellant was appointed counsel to represent him on the reopened appeal.
 II.
On reopened appeal, Mr. Hedrick asserts two assignments of error. We will address each in turn.
 A. First Assignment of Error THE TRIAL COURT ERRED IN ACCEPTING PLEAS OF GUILTY WITHOUT ADVISING APPELLANT OF THE CONSTITUTIONAL RIGHTS BEING WAIVED BY ENTERING GUILTY PLEAS, AND WITHOUT DETERMINING THAT APPELLANT WAS WAIVING HIS CONSTITUTIONAL RIGHTS KNOWINGLY AND VOLUNTARILY.
Appellant argues that the trial court erred by accepting his guilty pleas without advising him of the constitutional rights being waived by entering guilty pleas and without determining that he was knowingly and voluntarily waiving these rights. We agree.
Crim.R. 11(C)(2) mandates that in felony cases, before accepting a plea of guilty, the trial court must address the defendant personally and do all of the following:
 (a) Determin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Inform the defendant of and determin[e] that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Inform the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him , to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself .
Therefore, "[p]rior to accepting a guilty plea from a criminal defendant, the trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to a jury trial, his right to confront his accusers, and his right of compulsory process of witnesses." State v. Ballard (1981), 66 Ohio St.2d 473, paragraph one of the syllabus. Although the trial court need not use the exact language contained in Crim.R. 11(C), the trial court must explain these constitutional rights "in a manner reasonably intelligible to that defendant." Id. at paragraph two of the syllabus.
In the present case, the state, in its brief to this court, concedes that the trial court did not comply with the mandates of Crim.R. 11(C)(2). Even though the trial court explained the possible penalties and the nature of the charges against Mr. Hedrick at the plea hearing, the trial court did not advise Mr. Hedrick of the constitutional rights being waived by entering a plea of guilty. Further, even though Mr. Hedrick's trial counsel may have explained this waiver prior to the hearing, this event alone does not satisfy the mandates of Crim.R. 11(C)(2), as the trial court must personally address the defendant on this issue. Consequently, we conclude that the trial court did not comport with the mandates of Crim.R. 11(C)(2). Accordingly, Mr. Hedrick's first assignment of error is sustained.
 B. Second Assignment of Error APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON HIS APPEAL IN THE PRESENT CASE.
Mr. Hedrick contends that he was denied the effective assistance of appellate counsel in the present case, as his former appellate counsel failed to raise as error that the trial court did not comply with the requirements of Crim.R. 11(C)(2). We agree.
"[T]he two-prong analysis found in Strickland v. Washington
(1984), 466 U.S. 668, * * * 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5)." State v. Spivey (1998), 84 Ohio St.3d 24, 25, citingState v. Reed (1996), 74 Ohio St.3d 534, 535. First, appellant must show that his counsel's performance has fallen below an objective standard of reasonable representation. State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus. Second, he must show that counsel's deficient performance prejudiced his defense. Id. To show prejudice, appellant "must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the [proceeding] would have been different."Id. at paragraph three of the syllabus.
In the case at bar, we find that Mr. Hedrick's appeal was prejudiced by his counsel's failure to raise as error the trial court's noncompliance with Crim.R. 11(C)(2). As previously discussed, the trial court did not adhere to the mandates of Crim.R. 11(C)(2) because the court did not advise Mr. Hedrick of the constitutional rights that are waived by entering a guilty plea. Hence, we conclude that Mr. Hedrick was denied the effective assistance of appellate counsel. Accordingly, Mr. Hedrick's second assignment of error is sustained.
 III.
Appellant's assignments of error are sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause is remanded for proceedings not inconsistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee. Exceptions.
 _____________________________________ WILLIAM G. BATCHELDER, FOR THE COURT.
BAIRD, J. CONCURS.
SLABY, J. CONCURS IN JUDGMENT ONLY.