OPINION
Defendant, Shawn Beane, appeals from his conviction and sentence for rape and the trial court's classification of him as a sexual predator.
Beane was indicted on six counts of rape of a person under thirteen years of age. R.C. 2907.02(A)(1)(b). Count six involved the use of force, and thus required a life sentence upon conviction. A sexually violent predator specification was attached to all six counts, per R.C. 2971.01(H).
In exchange for the State's dismissal of the specifications, Beane entered a no contest plea to all of the charges and was found guilty by the trial court. Prior to sentencing, Beane filed a motion requesting a psychological evaluation for use at his upcoming sexual predator hearing. The trial court denied the request.
The trial court sentenced Beane on counts one through five to seven years imprisonment on each count, the sentences to be served concurrently. On count six the trial court sentenced Beane to life imprisonment, consecutive to the other sentences. The trial court then immediately proceeded to the sexual predator hearing, following which the trial court found Beane to be a sexual predator.
Shawn Beane has timely appealed to this court from his convictions and sentences. He presents three assignments of error for our review, all related to his classification as a sexual predator.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN CLASSIFYING THE DEFENDANT A SEXUAL PREDATOR FOR THERE WAS NO CLEAR AND CONVINCING EVIDENCE ON THE RECORD TO SUPPORT SUCH FINDING THAT APPELLANT POSES A HIGH RISK OR THERE IS A HIGH LIKELIHOOD OF RE-OFFENDING.
Beane argues that the trial court's finding that he is a sexual predator is not supported by clear and convincing evidence.
A sexual predator is a person who has pled guilty to or been convicted of a sexually oriented offense and who is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E). The ultimate finding that the trial court must make is whether the offender is likely to commit another sexual offense in the future. The trial court must find that the offender is likely to reoffend by clear and convincing evidence. R.C. 2950.09(B)(3).
The only evidence presented by the State at this sexual predator hearing was testimony by the lead investigator in this case, Det. David Potts. Because Det. Potts did not testify to the statistical probability or likelihood that Beane will commit another sexual offense in the future, Beane argues that the evidence presented is insufficient to classify him as a sexual predator.
R.C. 2950.09(B)(3) requires a sexual predator determination to be made on clear and convincing evidence, but the evidence need not include statistical data in order to satisfy that definition. Indeed, statistical evidence, which necessarily is based on experience with a broad number of subjects, is of little help in predicting an individual's behavior. The prediction which R.C.2950.01(E) requires the court to make is both subjective in relation to the particular offender and intuitive with respect to the decision itself. In those respects, it resembles a sentencing decision.
Det. Potts testified that during his interview with the Defendant, Beane stated that he had molested twelve to fifteen different children during his lifetime. Beane admitted that he had previously served a prison term for gross sexual imposition which arose out of his contact with a seven year old boy. Beane admitted engaging in oral sex on numerous occasions and in anal intercourse on one occasion with the victim in this case. Beane also told Det. Potts that he has difficulty controlling his sexual impulses toward children.
On the state of this record, we conclude that the trial court's finding that Shawn Beane is a sexual predator is supported by clear and convincing evidence.
Beane's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO PROVIDE ANY DEFENSE OR ADEQUATE DEFENSE IN THE SEXUAL ORIENTED OFFENSE CLASSIFICATION HEARING.
Beane argues that he was deprived of the effective assistance of counsel to the extent that counsel failed to adequately represent him at the sexual predator hearing.
The two part test from Strickland v. Washington (1984),466 U.S. 668, is used to judge the quality of representation by trialcounsel in a criminal case. State v. Reed (1996), 74 Ohio St.3d 534. In commenting upon that standard the Ohio Supreme Court inState v. Bradley (1989), 42 Ohio St.3d 136, 142 noted:
 "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688, 104 S.Ct. at 2064. The court recognized that there are " * * * countless ways to provide effective assistance in any given case. * * * " Id. at 689, 104 S.Ct. at 2065. Therefore, the court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential. * * * " Id. In addition, "[b]ecause of the difficulties inherent in making the evaluation, a court must [538 N.E.2d 380] indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Id. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 [101 S.Ct. 665, 667-68, 66 L.Ed.2d 564] (1981)." Strickland, supra, 466 U.S. at 691, 104 S.Ct. at 2066. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694.
Beane argues that counsel performed in a deficient manner by failing to present the competency and sanity evaluations performed by Dr. Stucky and Dr. Bergman at the sexual predator hearing. Initially, we note that those mental evaluations would likely have only marginal relevance to the ultimate issue to be determined at the sexual predator hearing, whether Beane is likely in the future to commit additional sex offenses.
Beane relies on the requirement of R.C. 2950.09(B) (2)(g) that the court must consider "any mental illness or mental disability of the offender" in its sexual predator determination to argue that the court abused its discretion when it failed to consider his psychological evaluations. We have previously held that the trial court cannot be compelled to consider any of the ten statutory factors set out in R.C. 2950.09(B)(2). State v.White (November 5, 1999), Miami App. No. 98CA37, unreported.
More importantly, the evaluations by Dr. Stucky and Dr. Bergman do not appear to be favorable to Beane. Those evaluations conclude that Beane is competent and sane. Dr. Bergman's evaluation notes that Beane's offenses were planned and goal directed, and that Beane's admitted sexual attraction to children was the motivation for those offenses.
We cannot find that defense counsel performed in a deficient manner by failing to present evidence concerning Beane's competency and sanity evaluations. Moreover, Beane does not identify what, if anything, those competency/sanity evaluations contain that would have benefitted him at the sexual predator hearing. Thus, Beane has failed to demonstrate that he was prejudiced by counsel's failure to present those evaluations.
Beane also argues that counsel performed deficiently by failing to present expert testimony on the statistical probability or likelihood that he will reoffend in the future. We have found that such evidence is irrelevant to the decision which the court must make. Furthermore, in order to demonstrate the prejudice envisioned by Strickland, Beane must demonstrate that an expert witness was available who would testify that Beane is not likely to commit another sexual offense in the future. No such showing has been made on this record. Ineffective assistance of counsel has not been demonstrated.
Beane's second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF THE APPELLANT BY ITS FAILURE TO PROPERLY COMPLY WITH THE STATUTE IN HOLDING THE SEXUAL OFFENSE CLASSIFICATION HEARING AFTER THE SENTENCING AND ACCEPTING INTO EVIDENCE ANY TESTIMONY ON THE ISSUE UNDER 2950.09B.
Beane argues that, pursuant to R.C. 2950.09(B), the trial court was obligated to hold the sexual predator hearing before it sentenced him.
R.C. 2950.09(B)(1) specifies that the trial judge shall conduct the sexual predator hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct the hearing as part of the sentencing hearing required by R.C. 2929.19. InState v. Bellman (1999), 86 Ohio St.3d 208, the Ohio SupremeCourt noted that the time periods set out in R.C. 2950.09(B)(1)for holding the sexual predator hearing are for convenience andorderly procedure. They do not include any expression of intentto restrict the jurisdiction of the trial court in case ofuntimeliness. Therefore, these provisions are directory only, andnot jurisdictional in nature. Id.
Although the trial court sentenced Beane prior to holding the sexual predator hearing, the court then immediately proceeded to the sexual predator hearing, which was held as part of the sentencing proceeding. R.C. 2950.09(B)(1). Beane failed to object to this order of proceedings, and any error in that regard has been waived. Moreover, Beane does not even suggest, much less demonstrate, how he was prejudiced by the order of proceedings.
Beane's third assignment of error is overruled.
 ___________________________ GRADY, P.J.
FAIN, J. and YOUNG, J., concur.