OPINION
Jermaine L. Broadnax appeals from his conviction and sentence for felonious assault with a deadly weapon, in violation of R.C. 2903.11(A)(2).
Broadnax and Rayna Alford share an apartment with their young son, Rayquan. On April 15, 1999, Rayquan became ill, so Rayna and her mother, Doris Alford, took him to the hospital. Rayquan was diagnosed with acute asthma, and a humidifier was prescribed. Broadnax gave Rayna money to buy a humidifier, but when Rayna and Doris discovered that they did not have enough, Rayna and Doris returned to the apartment to ask Broadnax for more money.
At this point the accounts of the incident diverge, but it appears that Broadnax and Doris Alford engaged in an argument, which spilled to the outside of the apartment. Eventually the argument became physical. At some point Broadnax broke Doris Alford's left wrist with a wooden table leg. Broadnax immediately fled the scene, and Rayna Alford called the police. Deputy Alan Hill and David Grove responded to the call, and began to gather evidence at the scene.
On May 27, 1999, Broadnax was charged by indictment with one count of felonious assault with a deadly weapon, R.C. 2903.11(A)(2). A jury trial was held, and on January 20, 2000, the jury found Broadnax guilty of the crime charged. On February 4, 2000, Broadnax was sentenced to a three year term of incarceration, to be served consecutively with a sentence imposed in Shelby County.
Broadnax filed timely notice of appeal. He presents four assignments of error.
 I. FIRST ASSIGNMENT OF ERROR APPELLANT WAS PREJUDICED THROUGH DENIAL OF HIS CONSTITUTIONALLY GUARANTEED RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL
Broadnax argues that he was deprived of the effective assistance of counsel at his trial. We employ the two part test from Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, to judgethe quality of representation by trial counsel in a criminal case. Statev. Reed (1996), 74 Ohio St.3d 534. In commenting upon the Stricklandstandard, the Ohio Supreme Court in State v. Bradley (1989),42 Ohio St.3d 136, 142, noted the following:
 "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, supra, at 687-688, 104 S.Ct. at 2064. The court recognized that there are "* * * countless ways to provide effective assistance in any given case. * * *" Id. at 689, 104 S.Ct. at 2065. Therefore, the court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential. * * *" Id. In addition, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Id. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 [101 S.Ct. 665, 667-68, 66 L.Ed.2d 564] (1981)." Strickland, supra, 466 U.S. at 691, 104 S.Ct. at 2066. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694.
 Broadnax argues that counsel's performance was deficient in a number of different ways. We will address the issues he presents in turn.
 A. "Whether trial counsel's assistance was ineffective through elicitation of damaging testimony."
 Defense counsel elicited the following testimony from Doris Alfordduring cross-examination:
 Q. * * * Ma'am, I am truly sorry for the injury you got on your arm. There is no question you got hurt pretty bad there. Isn't it fair to say you don't like Jermaine?
 A. That's fair to say.
 Q. In fact, even though Mr. Lasky asked you, I think his exact words were, let me make sure I am right, he asked you if there was bad blood between you and Jermaine, do you fight with Jermaine, and your answer was no, you do not fight with Jermaine. Now, it would be fair to say that you and Jermaine don't like each other. Certainly you don't like him, do you?
 A. If I could explain.
 Q. Go right ahead.
 THE COURT: You may.
 THE WITNESS: I accepted Jermaine as my daughter's boyfriend in the beginning, but he abused my daughter before, during and after her pregnancy.
 MR. GABEL: Ma'am —
 MR. LASKY: Objection. I don't think she was finished explaining her answer.
 MR. GABEL: Go ahead. I'm sorry. I thought she was, Mr. Lasky.
 THE COURT: You may complete the answer.
 THE WITNESS: Throughout her being abused, she would constantly call me, and this happened at least once a week for a period of the first time they met, up until when she went to Alabama with him and he broke her nose.
 (T. 124-125).
 The colloquy portrays a classic example of the first rule ofcross-examination; don't ask a question unless you know what the answerwill be. Doris Alford's testimony that Broadnax had abused Rayna andbroke her nose was surely not what counsel wanted to hear, and it wasprejudicial to Broadnax. The further issue, however, is whether counsel'sconduct in asking the question fell below an objective standard ofreasonableness. Strickland, supra; Bradley, supra.
"The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, supra, at 689, 104 S.Ct. at 2065,80 L.Ed.2d at 694-95. "Accordingly, we are inclined to presume that a broad range ofchoices, perhaps even disastrous ones, are made on the basis of tacticaldecisions and do not constitute ineffective assistance." State v.Carpenter (1996), 116 Ohio App.3d 615, 626.
 It is clear from our review that during his cross-examination of DorisAlford defense counsel was attempting to show that the witness harbored abias against Broadnax, which could diminish the credibility of hertestimony. While the testimony he elicited may have been damaging toBroadnax's character in the eyes of the jury, it was nevertheless theproduct of a tactical decision to show Doris Alford's bias. The factthat it backfired does not render counsel's assistance constitutionallyineffective.
 Broadnax also argues that defense counsel should have requested alimiting instruction pursuant to Evid.R. 105 after eliciting the damagingtestimony from Doris Alford. However, Doris Alford's explanation wasresponsive to the question asked. The limited instruction rule is notapplicable because there was, in effect, nothing to limit.
 Broadnax also argues that his trial counsel was ineffective for failingto object that the following testimony which the prosecutor elicited fromRayna Alford was inadmissible per Evid.R. 404(A):
 Q. And so I am clear, you are indicating that Jermaine and you have gotten into it in the past, is that correct?
 A. Yes, sir.
 Q. And when you get in trouble, you call your mother, don't you.
 A. Yes.
 Q. And she has come over there to your apartment and at other locations and removed you from that location, isn't that correct?
 A. Can you explain that?
 Q. Sure. When you and Jermaine get into it and he hits you, you call your mother on the phone, isn't that correct?
 A. You talking about every time, it was only a couple times I called my mother.
 Q. How many times?
 A. About three times. Otherwise I will leave.
 * * *
 Q. And she removed you and the child, or was it just you at the time?
 A. It was just me at the time.
 Q. Just you, you were pregnant at the time?
 A. Yes.
 (T. 197-198).
 Evid.R. 403(A) states: "Although relevant, evidence is not admissibleif its probative value is substantially outweighed by the danger ofunfair prejudice, of confusion of the issues, or of misleading the jury."Unfavorable evidence is not the equivalent of unfairly prejudicialevidence. State v. Geasley (1993), 85 Ohio App.3d 360. Unfair prejudiceis that quality of evidence which might result in an improper basis forthe jury's decision. State v. Allard (1996), 75 Ohio St.3d 482. "Theunderlying premise of the Rule is that certain relevant evidence shouldnot be admitted to the trier of fact where the admission would have anadverse impact upon the effectiveness or integrity of the fact findingprocess." Weissenberger's Ohio Evidence, Treatise, Section 403.1, atpp. 81-82.
 Whether the Defendant and Rayna Alford had "gotten into it in thepast," whether he then hit her, and whether she called her mother whenthey did, is irrelevant to the charges against the Defendant. It wasobjectionable on that basis. However, we cannot find that it was sounfairly prejudicial to the Defendant that it was inadmissible perEvid.R. 403(A), or that counsel was ineffective for failing to objectthat it was, which is the particular issue presented.
 B. "Whether trial counsel's assistance was ineffective through failure to object to hearsay."
Deputy Hill testified regarding what Rayna Alford told him when he arrived at the scene. Broadnax argues that the evidence was inadmissible hearsay, and that defense counsel's repeated failure to object to the testimony amounts to ineffective assistance of counsel. However, Broadnax makes this argument without stating how or why the testimony was inadmissible hearsay. Instead, Broadnax summarily states in his brief that "a substantial amount of hearsay was admitted before defense counsel belatedly objected."
Without making a determination whether the testimony was hearsay, it is clear to us that any error committed in allowing the testimony to be admitted was not sufficiently prejudicial. The declarant, Rayna Alford, also testified, and Broadnax had opportunity through his examination of her to ask her to disclaim or deny the statements attributed to her by Deputy Hill. In addition, other evidence corroborated Hill's account of Rayna Alford's statements. Therefore, since Broadnax cannot satisfy the prejudice prong of Strickland, it is of no significance that the testimonywas hearsay or that defense counsel should have objected to it.
 C. "Whether trial counsel's assistance was ineffective through failure to prepare and investigate."
 Broadnax argues that Doris Alford's damaging testimony came out as itdid because of defense counsel's failure to prepare and investigate.Broadnax argues that if her testimony was true, defense counsel shouldhave known not to broach the subject; and, if it was false, defensecounsel should have elicited a firm denial from Broadnax during histestimony.
 The exchange in question follows Doris Alford's testimony regardingBroadnax's alleged abuse of Rayna Alford during her pregnancy, asdiscussed in section A, supra:
 Q. [by defense counsel]: Okay. Are there police reports of that?
A. Police reports?
 Q. Yes, of this so-called abuse. Do you have police reports on that?
A. Vandalia court, domestic violence.
(T. 125).
We find that this testimony does not add materially to the prejudice alleged, which arose from the testimony that we addressed under section I(A). Again, this line of questioning was a strategic attempt to show that Doris Alford was biased against Broadnax, which backfired.
Broadnax also asserts that defense counsel elicited inadmissible "other acts" evidence when questioning Broadnax. However, Broadnax's decision to admit a prior felony conviction for carrying a concealed weapon was a tactical decision designed to take the "sting" out of the State's use of this conviction on cross examination to impeach Broadnax. We will not second-guess defense counsel regarding trial strategy decisions.
Finally, Broadnax argues that defense counsel's failure to investigate allowed introduction of prejudicial testimony regarding a child endangerment charge that was lodged against Broadnax. First, we note that when Doris Alford so testified, defense counsel immediately objected. The trial court then gave the jury a thorough limiting instruction regarding "other acts" testimony. Second, while this testimony may be prejudicial, it does not rise to the level of prejudice required under Strickland's second prong. We cannot say that, absentthis testimony, a different result was probable. Therefore, thisargument fails.
 D. "Whether trial counsel's assistance was ineffective through failure to object to prejudicial testimony."
 Broadnax argues that the admission of other violent acts evidenceunfairly prejudiced him. It is axiomatic that prior or subsequentcriminal acts are generally inadmissible because of the danger that thejury will infer from previous bad conduct that the accused also committedthe offense charged. State v. Wickline (1990), 50 Ohio St.3d 114.
Broadnax asserted the defense of lack of intent or accident, claiming that he was only attempting to fend off an attack by Doris Alford when he swung the chair leg at her, and didn't intend to strike her with it. Evidence of other acts probative to his intent was admissible to rebut this defense. Evid.R. 404(B). Defense counsel could not have validly objected to that evidence.
 E. "Whether trial counsel's assistance was ineffective through failure to object to prejudicial comments made during the State's closing argument."
 First, we note that defense counsel did make an objection during theprosecutor's closing argument when the prosecutor was discussing "otheracts" testimony. The trial court responded: "Let's move on. Let's talkabout the facts." Defense counsel's objection preserved the record onappeal. Also, the State's reference to prior bad acts was not improper,because intent was in issue. Evid.R. 404(B). However, Broadnax alsoargues that the State was vouching for the truthfulness of its witnessesduring closing argument, and improperly impugned the truthfulness of thedefense witnesses. Broadnax argues that this portion of the argumentshould have prompted an objection.
 While a prosecutor is permitted to argue that certain evidence makes awitness more or less credible, the prosecutor may not directly comment onthe veracity of the witness. Carpenter, supra. Broadnax cites threeexamples of allegedly improper statements from the closing argument thatshould have prompted an objection:
 And I understand you are not professional jurors, but if you saw Rayna Alford and you saw Jermaine Broadnax, who has to keep asking him, are you sure you are telling the truth? And remember, you took an oath. You know when you take that oath, you know you are telling the truth or you don't take it. You don't have to be reminded of it unless something else is afoot. Okay.
 (T. 272-73).
 And I would submit to you, if you look at this case closely, Ms. Alford, from the very beginning, Doris Alford told the truth, what happened to her. She told the truth, she doesn't like the defendant.
 (T. 255-56).
 And that is the truth of this case, and you can talk about the self-defense and aggravated assault and you can talk about who threw the bleach, but the truth is this defendant left and he had that bleach in his hand and he threw it at them, and that is how Rayna got it on herself.
 (T. 260).
 From our review of these passages, and the State's closing argument inits entirety, we find that the prosecutor did not improperly support andendorse the State's witness' testimony, nor did he improperly impugn thecredibility of the defense witnesses. Therefore, defense counsel did notfail in his duty to Defendant when he didn't object to these particularportions of the prosecutor's closing statement.
 F. "Whether trial counsel's assistance was ineffective through failure to elicit from the defendant a firm denial of his use of excessive force."
 Broadnax argues that the defense counsel should have elicited from hima justification for striking the victim with the force necessary toinflict the injury she sustained. Broadnax argues that because he wasnot asked to deny committing the crime, he should not have testified.
 Again, we find that defense counsel's line of questioning, and hisdecision to ask Broadnax to testify, are tactical decisions that we willnot second-guess. Bey, supra.
 G. Conclusion
 In summary, Broadnax has failed to present us with any errors committedby trial defense counsel that portray ineffective assistance of counselunder Strickland. Therefore, the first assignment of error isoverruled.
 II. SECOND ASSIGNMENT OF ERROR PROSECUTORIAL MISCONDUCT DEPRIVED APPELLANT OF A FAIR TRIAL. Broadnax argues that improper statements made by counsel for the Stateduring the trial and the closing argument denied him a fair trial. TheOhio Supreme Court has recently elucidated our review of a prosecutor'sconduct at trial in State v. Treesh (2001), 90 Ohio St.3d 460, 464:
 "[W]e must first determine if the prosecutor's remarks were improper; if so, we then consider whether the remarks prejudicially affected substantial rights of the accused." State v. Smith (1984), 14 Ohio St.3d 13, 14. We evaluate the allegedly improper statements in the context of the entire trial. State v. Keenan (1993), 66 Ohio St.3d 402, 410. An improper comment does not affect a substantial right of the accused if it is clear beyond a reasonable doubt that the jury would have found the defendant guilty even without the improper comments. Smith, supra, 14 Ohio St.3d at 15.
 Broadnax makes a number of arguments under this assignment of error. We will again address the arguments in turn.
 A. "Whether the prosecutor acted improperly, to the prejudice of thedefendant, by insinuating that there was collusion between a defensewitness and defense counsel, and by insinuating that a defense witnesswas lying."
 Broadnax alleges that the prosecutor improperly insinuated that RaynaAlford was colluding with defense counsel during a break in thetestimony. Broadnax points to the following exchange:
 Q. [Prosecutor] Now, prior to today, you have met Mr. Gabel, is that correct, defense counsel?
 A. [Rayna Alford] Yes.
 Q. And how many time have you been down to his office?
 A. I never been to his office.
 Q. How many times did you talk to him on the phone?
 A. Once.
 Q. And it just seems every time I am out in the hallway, you are going to Mr. Gabel. How many times have you talked to him?
 A. I never went to him.
 MR. GABEL: Objection.
 THE COURT: I sustain. Disregard that.
 (T. 200).
 While reserving judgment on whether the prosecutor's remarks wereproper, we find no basis to conclude that Broadnax was prejudiced by thisexchange. The witness had opportunity to deny these allegations, whichshe did, and the court properly sustained an objection and instructed thejury to disregard the remarks. We find that the trial court handled thesituation appropriately, and Broadnax was not prejudiced.
 Broadnax also argues that the prosecutor's closing argument pointingout that Rayna Alford was reminded by defense counsel that she was underoath during direct examination, excerpted under the first assignment oferror, section E, improperly insinuated that Rayna Alford must have beenlying.
 A prosecutor is afforded a certain degree of latitude in summation.Treesh, supra, at 466. The prosecutor may draw reasonable inferencesfrom the evidence presented at trial, and may comment on thoseinferences. Id. (citing State v. Smith (1997), 80 Ohio St.3d 89).
 Again, we cannot say that Broadnax was prejudiced when the prosecutoremphasized during closing statement that defense counsel had remindedRayna Alford that she was under oath while she was on the witness stand.It does not appear from our review that the prosecutor was unfairlyimpugning the veracity of the witness, but rather that the prosecutor wasreminding the jury of the exchange, and attributing significance to theexchange. In sum, we simply cannot find that Broadnax was denied a fairtrial because of prosecutorial misconduct based on these allegedinsinuations.
 B. "Whether the prosecutor acted improperly, to the prejudice of the defendant, through the introduction and use of "other acts" testimony."
 Once again, other acts testimony was properly introduced to rebut thedefense of lack of intent or accident. Evid.R. 404(B); R.C. 2945.59.Therefore, we cannot say that the prosecutor acted improperly.
 C. "Whether the prosecutor acted improperly, to the prejudice of the defendant, by inflaming the passions of the jury."
 Broadnax argues that the prosecutor improperly attempted to impugn thecharacter of Rayna Alford, a witness for the defense, by asking hermother, Doris Alford, whether Rayna had visited her while she was in thehospital recovering from the injuries Broadnax had inflicted. Broadnaxis correct in pointing out that this testimony is immaterial. Yet, wecannot say that this line of questioning was prejudicial. Broadnax hasnot demonstrated that any prejudice to his right to a fair trial arosefrom this question, and we conclude that this isolated exchange could nothave prejudiced Broadnax to the extent necessary to warrant reversalbased upon prosecutorial misconduct.
 D. "Whether the prosecutor acted improperly, to the prejudice of the defendant, through remarks made during closing argument."
 As noted above, we allow a prosecutor a certain degree of latitude insummation, and a prosecutor is permitted to comment on inferences drawnfrom the evidence. Treesh, supra, at 466. We view the State's closingargument in its entirety to determine whether the allegedly improperremarks were prejudicial. Id. (citing State v. Moritz (1980),63 Ohio St.2d 150, 157).
 Broadnax essentially makes the same argument here that he made undersection I(E) and II(A), infra: that the prosecution made a number ofimproper statements during the closing argument by focusing on other actsevidence and by vouching for the truthfulness of the state's witnesseswhile impugning the credibility of the witnesses for the defense. Wehave reviewed the closing statement in its entirety, and we find no basisto conclude that Broadnax was prejudiced by these statements.
 E. Conclusion
We find that Broadnax has failed to demonstrate that he suffered prejudice to any substantial right arising from the conduct of the prosecutor. Therefore, the second assignment of error is overruled.
 III. THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN FAILING TO INTERVENE SUA SPONTE TO INSTRUCT THE JURY THAT CERTAIN STATEMENTS MUST BE DISREGARDED OR CONSIDERED FOR A LIMITED PURPOSE
Evid.R. 105 reads as follows:
 When evidence which is admissible as to one party or for one purpose but not admissible as to another party [or] for another purpose is admitted, the court, upon request of a party, shall restrict the evidence to its proper scope and instruct the jury accordingly.
 During cross-examination, Doris Alford stated that Broadnax was charged with child-endangerment. Defense counsel objected, stating that there was no record of this charge before the court. In response, the trial court gave the jury the following instruction:
 THE COURT: I want to say something at this point. I think that she has finished her answer as to why. I am not sure she did. If not, you can ask her what more you want to ask her about that answer.
 But I want to step in at this point and place on the record for the jury's benefit this instruction. It happens sometimes in a trial that a witness will say something about a defendant, other acts, other acts that a defendant did, according to the witness. And those other acts are totally separate from what the defendant is charged with in this case. And you have heard that evidence because it's part of an answer to a question that has been asked of the witness, but you must not take that testimony about some other acts as proof that he committed the act in this case. It only is an answer she is giving to a question that was asked, and it may have some context in that answer to the question, but you may not consider her testimony about other acts which may or may not have been crimes, as some evidence that, oh, he did those things so he probably did this one.
(T. 127).
We find that this instruction is sufficient to cure any prejudice that may have resulted from the evidence concerned. Moreover, we must always assume that the jury has followed a court's instruction. State v.Woodward (1993), 68 Ohio St.3d 70.
Broadnax has failed to demonstrate any error committed by the trial court in the admission of other acts testimony. Therefore, we must overrule the third assignment of error.
 IV. FOURTH ASSIGNMENT OF ERROR APPELLANT WAS DEPRIVED OF A FAIR TRIAL THROUGHCUMULATIVE ERROR
 We recognize that cumulative errors may merit a reversal even if no single error, standing alone, would merit reversal. State v. Catlin (1990), 56 Ohio App.3d 75, 79 (citing DeMarco, supra). However, as in Catlin, we find that this principle has no application in the case before us because we have found nothing that we could consider error.
V.
Conclusion
Having overruled each assignment of error presented, we will affirm the judgment from which this appeal was taken.
FAIN, J. and YOUNG, J., concur.
 ____________ Grady, J.,