JOURNAL ENTRY AND OPINION
Sleiman Dakdouk has filed a timely application for reopening pursuant to App.R. 26(B). Dakdouk is attempting to reopen the appellate judgment that was rendered by this Court in State v. Dakdouk (March 1, 2001), Cuyahoga App. No. 77701, unreported, which affirmed his conviction for four counts of trafficking in cocaine and four counts of possession of drugs. For the following reasons, we decline to reopen Dakdouk's original appeal.
Initially, it is well-settled that Dakdouk's appellate counsel is not required to raise and argue assignments of error that are meritless.Jones v. Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id; State v. Gumm (1995), 73 Ohio St.3d 413,653 N.E.2d 253; State v. Campbell (1994), 69 Ohio St.3d 38, 630 N.E.2d 339. In addition, Dakdouk must establish prejudice which results from the deficient performance of appellate counsel. Finally, Dakdouk must also show that but for the deficient performance of appellate counsel, the result of his appeal would have been different. State v. Reed (1996),74 Ohio St.3d 534, 660 N.E.2d 456. Thus, in order for this Court to grant the application for reopening, Dakdouk must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful.
 Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he was a "colorable claim" of ineffective assistance of counsel on appeal.
State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, at 25. Herein, Dakdouk cannot establish either prong of the aforesaid Strickland test.
In his sole proposed assignment of error, Dakdouk argues that appellate counsel was ineffective, with regard to assignment of error five as raised on appeal, by failing to cite to the record or offer any legal authority to support the claimed error as mandated by App.R. 16(A)(7).
Dakdouk's fifth assignment of error, as raised upon appeal, was:
 THE COURT ERRED WHEN IT ALLOWED THE STATE TO PRODUCE, AND WHEN IT ALLOWED THE JURY TO CONSIDER, AN EXTENSIVE QUANTITY OF HEARSAY EVIDENCE, THE ADMISSION OF WHICH VIOLATED THE DEFENDANT'S RIGHT TO CONFRONTATION.
This court "summarily" overruled the appellant's fifth assignment of error. See, State v. Dakdouk, supra, at 10.
Upon review of the record, we find that the testimony of Detective Cudo and Detective Abel did not contain any inadmissable hearsay and Dakdouk was not deprived of the right "to be confronted with the witnesses against him." Ohio v. Roberts (1980), 448 U.S. 56, 100 S.Ct. 2531. Statev. Thomas (1980), 61 Ohio St.2d 223, 400 N.E.2d 401; State v. Blevins
(1987), 36 Ohio App.3d 147, 521 N.E.2d 1105. Finally, any potential error associated with the alleged hearsay testimony of Detective Cudo and Detective Abel must be considered harmless beyond a reasonable doubt in light of the fact that there exists no reasonable probability that the alleged error contributed to Dakdouk's conviction. Chapman v. California
(1967), 386 U.S. 18, 87 S.Ct. 824; State v. Brown (1992),65 Ohio St.3d 483, 605 N.E.2d 46; State v. Lytle (1976), 48 Ohio St.2d 391,358 N.E.2d 623.
Accordingly, we deny Dakdouk's application for reopening.
 _________ DYKE, J.:
JAMES D. SWEENEY, J., FRANK D. CELEBREZZE, JR., J., CONCUR.