JOURNAL ENTRY and OPINION
Defendant-appellant Josiah Gray appeals from his conviction in Lakewood Municipal Court on one count of possession of alcohol while underage in violation of Lakewood Codified Ordinance 529.02. Appellant asserts in his assignment of error that his waiver of counsel was not knowingly, intelligently and voluntarily made. The defendant-appellant declined to entertain this court's invitation to voluntarily dismiss the appeal. Because our review of the record compels us to conclude that there was no competent waiver of the right to counsel by the appellant prior to trial, we reverse the appellant's conviction.
The appellant was charged with a violation of Lakewood Codified Ordinance 529.02 on May 24, 2000. At the time that he was cited the appellant was eighteen years old. The charge arose out of an incident where police officers, responding to a complaint, observed a juvenile female and an adult female under the age of twenty-one walking down the street with open containers of beer. Upon being questioned by the officers, the females stated that they were leaving a party being held at the appellant's apartment. The appellant observed the questioning of the females from the front porch of his apartment located a few doors down from the area where the females and the officers were standing. The appellant then proceeded to voluntarily walk over to where the officers were standing. The appellant was then questioned by the officers during the course of which he stated that the juvenile female was his girlfriend. During this exchange, the officers noticed a moderate smell of alcohol on the appellant's breath. The decision to cite the appellant was made based on the officers' determination that the appellant had furnished alcohol to persons underage at his apartment and that he had illegally consumed alcohol himself.
The appellant was arraigned on May 31, 2000. At the commencement of the arraignment proceedings, the trial judge informed all persons appearing for arraignment of their constitutional rights, including the right to counsel. The appellant subsequently entered a plea of not guilty to the charge against him and a trial date was set for June 15, 2000.
The appellant appeared for trial on the scheduled date without counsel. At the conclusion of the trial, the appellant was found guilty on the sole count with which he was charged. The appellant was sentenced to sixty days in jail and a $500 fine. The court then suspended the jail sentence and $300 of the fine and placed the appellant on one year probation. The court then scheduled a payment hearing for June 20, 2000 for which the appellant failed to appear, causing the trial court to issue a warrant for the appellant's arrest. The appellant filed a notice of appeal from his conviction with this court on July 18, 2000.
The appellant presents a singular assignment of error for this court's review:
 I. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT TRIED, CONVICTED AND SENTENCED APPELLANT TO A TERM OF INCARCERATION WHERE APPELLANT WAS NOT REPRESENTED BY COUNSEL AND A KNOWING AND INTELLIGENT WAIVER OF COUNSEL WAS NOT RECORDED.
The right to effective assistance of counsel is enshrined in theSixth Amendment to the United States Constitution. The United States Supreme Court has determined that the constitutional right to counsel extends to all defendants, whether charged with a felony or a misdemeanor, where the accused may be deprived of his liberty. Argersinger v. Hamlin (1972),407 U.S. 25, 36-37.
Ohio Criminal Rule 44 states:
(B) Counsel in petty offenses
 Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
(C) Waiver of counsel
 Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.
Criminal Rule 22 states in pertinent part [i]n petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded * * *.
In State v. Gibson (1976), 45 Ohio St.3d 366, paragraph 2 of the syllabus, the court stated:
 2. In order to establish an effective waiver of the right to counsel, the trial court must make sufficient inquiry to determine whether the defendant fully understands and relinquishes that right.
This court recently stated in State v. Jackson (Aug. 2, 2001), Cuyahoga App. No. 78695, unreported, that a trial court must make a two-part determination upon being informed by an accused that he is opting to exercise his right to self-representation. Initially, the court must determine that the accused is voluntarily electing to proceed pro se, and secondly the court must determine that the accused is knowingly, intelligently and voluntarily waiving the right to counsel. Id. In State v. Jackson, supra, we cited to Von Moltke v. Gillies (1948), 332 U.S. 708,723, for guidance as to how a reviewing court can best determine whether a trial court had made a sufficient determination that a decision by an accused to waive counsel was knowing and intelligent:
 * * * This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.
A violation of the right of self-representation is a per se error, not subject to harmless error analysis. State v. Reed (1996),74 Ohio St.3d 534, 535; State v. Jackson, supra.
In the instant case, the record is silent as to whether the trial court engaged in the required colloquy with the appellant to determine whether he was voluntarily waiving his right to counsel prior to trial. Criminal Rule 44(B), read in conjunction with Crim. R. 22, plainly requires that a trial court, at a minimum, record the appellant's waiver of counsel. Because there is no such recording in the record, we cannot conclude that the appellant's waiver of counsel was knowingly, intelligently and voluntarily made. Accordingly, the appellant's assignment of error is well taken.
This cause is reversed and vacated for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.