[Cite as *State v. Hudson*, 2012-Ohio-4928.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 96986

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RIODEJUONEROL HUDSON

DEFENDANT-APPELLANT

---

## JUDGMENT:
### APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-546677
Application for Reopening
Motion No. 456353

**RELEASE DATE:**   October 23, 2012

**ATTORNEY FOR APPELLANT**

John P. Parker
988 East 185th Street
Cleveland, OH   44119

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   T. Allan Regas
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} On June 26, 2012, the applicant, Riodejuonerol Hudson, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Hudson,* 8th Dist. No. 96986, 2012-Ohio-1345, in which this court affirmed Hudson's conviction for murder. Hudson asserts that his appellate counsel should have argued that his trial counsel was ineffective for failing to request a jury instruction on "defense of another." On August 3, 2012, the state of Ohio, through the Cuyahoga County Prosecutor, filed a brief in opposition. For the following reasons, this court denies the application to reopen.

{¶2} On August 17, 2010, Hudson was at a hospital with his girlfriend who was about to have their baby. Hudson has long suffered from seizures and needed to take his medicine, which was back at his home. Thus, his mother, accompanied by two friends, drove Hudson to his home and parked in the street in front of the house. When Hudson emerged from the car, Mario Seaborn, an acquaintance and neighbor of Hudson, began yelling profanities and threats toward Hudson. Hudson testified that he asked Seaborn to leave him alone, and Seaborn replied, "shut the * * * up before I kill you." Hudson then asked Seaborn to respect his mother, and the victim replied by hitting Hudson in the face with a chain. (Tr. 573-574.) A fight ensued. When it appeared that the fight was finished, Hudson went into his home and retrieved his medicine and a knife.

{¶3} Hudson claimed that he intended to use the knife to scare Seaborn so that he could get back in the car, but he did not expect Seaborn to just walk away. Hudson and

his mother testified that Seaborn was making threats to both of them. The mother stated that Seaborn pushed her down when she tried to stop the fight. Other witnesses testified that Hudson charged Seaborn. When the fight resumed, Hudson mortally wounded Seaborn by stabbing him.

{¶4} At trial, Hudson claimed self-defense and sought to prevent a jury instruction on the lesser included offense of voluntary manslaughter. The trial judge instructed on self-defense and voluntary manslaughter. Nevertheless, the jury found Hudson guilty of murder, and the trial judge sentenced him to 15 years to life.

{¶5} On appeal, counsel argued that the verdict was against the manifest weight of the evidence, that jurors were improperly excluded pursuant to *Batson,* and that Ohio's law on self-defense is improper — the burden of establishing self-defense should not be on the defendant. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Now Hudson submits that his appellate counsel should have argued that his trial counsel was ineffective for not requesting a jury instruction on the defense of others.

{¶6} In order to establish a claim of ineffective assistance of counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶7} In *Strickland*, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting

for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

{¶8} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶9} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶10} Hudson has not established prejudice. If the jury did not find Hudson's claim of self-defense persuasive, when Hudson was fighting and Seaborn was making threats to Hudson, then there is little reason to believe that the jury would have found a "defense of others" strategy persuasive. The court further notes that although the mother testified that Seaborn pushed her down, she did not seem to believe that she was in danger. (Tr. 535.)

{¶11} Moreover, appellate counsel would have had to overcome the presumption that trial counsel's plan of straight-forward arguing self-defense was sound trial strategy. It is understandable how an appellate counsel in the exercise of professional judgment would decline to argue this issue when confronted with the difficult burden of undermining trial counsel's strategy of simply arguing self-defense.

{¶12} Accordingly, this court denies the application to reopen.

---

SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR