[Cite as *State v. Watters*, 2022-Ohio-4399.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110697 |
| v. | : | |
| SAM WATTERS, | : | |
| Defendant-Appellant. | : | |

---

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** December 6, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-638203-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee.*

Sam Watters, *pro se.*

MARY J. BOYLE, J.:

{¶ 1} On July 22, 2022, the applicant, Sam Watters, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Watters,* 8th Dist. Cuyahoga No. 110697, 2022-Ohio-1670, in which this court affirmed his convictions

for sexual battery, gross sexual imposition, and attempted gross sexual imposition. Watters alleges that his appellate counsel was ineffective for not arguing that the state violated his constitutional rights by withholding evidence favorable to the defense and not disclosing such evidence before trial. After being granted leave, the state filed its brief in opposition on September 27, 2022.[1] For the following reasons, this court denies the application.

{¶ 2} The Niece was the daughter of Watters's brother who was murdered when the Niece was four years old. When the Niece was 16 in 2018, Watters befriended her and brought her to his home and church.

{¶ 3} On July 26, 2018, during one of these visits, Watters approached the Niece when they were alone, and began addressing whether she was sexually active.[2] During this conversation, Watters asked the Niece to rub cream on his shoulders and back. He rubbed cream on the Niece's thigh, breasts, and vagina over her shorts. He then digitally penetrated her and asked her to touch his erect penis. When the Niece refused to do that, he left. The Niece called her brother to get a ride home. Instead, Watters and his wife drove her home immediately.

{¶ 4} The Niece and her mother reported the incident to the police. On July 27, 2018, they gave statements that Detective Richard Durst memorialized in a supplemental report.

---

[1] Watters served the application on the clerk of courts, not the prosecutor.

[2] The Niece's mother asked Watters to do this when she discovered evidence that the Niece was sexually active.

{¶ 5} In March 2019, the Grand Jury indicted Watters for rape, gross sexual imposition, and attempted gross sexual imposition. *State v. Watters*, Cuyahoga C.P. No. CR-19-638203. On April 8, 2019, in a response to defendant's request for discovery, the state disclosed the July 27, 2018 supplemental reports through the discovery web portal.

{¶ 6} The case proceeded to a bench trial in June 2021. Defense counsel asked a few questions comparing what a witness said during trial and what was in the supplemental report. During the testimony of Detective Durst, the July 27, 2018 supplementary report was marked as Exhibit No. 3 and given to the detective to refresh his memory, but it was not entered into evidence. The trial court found Watters guilty of sexual battery, gross sexual imposition, and attempted gross sexual imposition and sentenced him to an aggregate sentence of four years in prison.

{¶ 7} Watters's appellate counsel argued that the verdicts were against the manifest weight of the evidence and that trial counsel was ineffective because he did not fully utilize the inconsistencies between the Niece's testimony and the statement she gave the police. Counsel also argued that there was insufficient evidence of coercion and force to support the verdicts. In granting a motion to supplement the record, this court ordered the state to submit Exhibit No. 3, the July 27, 2018 supplemental report, to the court. The state opposed the motion but submitted the record under seal.

{¶ 8} In affirming the convictions, this court noted that the supplemental report was produced in discovery and "does not show a patent inconsistency

between Niece's statements to police and her testimony at trial." *Watters*, 2022-Ohio-1670, ¶ 32. This court further stated that the "record reveals that counsel for Watters did use the supplemental report to cross-examine Niece about inconsistencies in her statements to police * * *." *Id*. at ¶ 40.

{¶ 9} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶ 10} Watters claims ineffective assistance of appellate counsel for failing to argue that the state withheld favorable evidence, i.e.*,* the July 27, 2018 Supplemental Report. This claim is meritless. As this court recognized the state disclosed the form in April 2019, and trial defense counsel used it in cross-examination. Furthermore, the report's contents were not inconsistent with the Niece's testimony, and this court rejected appellate counsel's argument that trial counsel should have used the report more to cross-examine the witnesses. There was no prejudice. The failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel. *State v. Kilbane,* 8th Dist. Cuyahoga No. 99485, 2014-Ohio-1228, ¶ 37.

{¶ 11} The court denies the application to reopen.

_____
MARY J. BOYLE, JUDGE

SEAN C. GALLAGHER, A. J., and
EMANUELLA D. GROVES, J., CONCUR