JOURNAL ENTRY AND OPINION
In State v. Turner, Cuyahoga County Court of Common Pleas Case No. CR-219060, applicant was convicted of murder. This court affirmed that judgment in State v. Turner (Nov. 16, 1989), Cuyahoga App. No. 55960, unreported. The Supreme Court of Ohio dismissed applicant's appeal to that court for the reason that no substantial constitutional question existed and overruled applicant's motion for leave to appeal. State v.Turner (1990), 49 Ohio St.3d 716 [Supreme Court of Ohio Case No. 90-134]. This court assigned the same counsel who represented applicant before this court to represent him in his appeal to the Supreme Court of Ohio.
Applicant has filed with the clerk of this court an application for reopening. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
Initially, we note that App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."
This court's decision affirming applicant's conviction was journalized on November 27, 1989. The application was filed on December 4, 2000, clearly in excess of the ninety-day limit.
Applicant contends that his "minimal education" constitutes good cause. In State v. Robertson (Dec. 7, 1989), Cuyahoga App. No. 56330, unreported, reopening disallowed (Nov. 13, 1998), Motion No. 94405, the applicant asserted his "minimal education" as one of the bases for establishing good cause for the late filing of an application for reopening.
 "[T]his court has established that ignorance of the law is no excuse for failing to file a timely application for reopening. State v. Klein (April 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (March 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481. " State v. Railing (Oct. 20, 1994), Cuyahoga App. No. 67137, unreported, reopening disallowed (Aug. 30, 1996), Motion No. 72596, at 2. Being "unaware" does not, therefore, establish good cause. See also: State v. Witlicki (1996), 74 Ohio St.3d 237, 238, 658 N.E.2d 275
("appellant's claim that he was unable to discover the trial errors because the trial was complex, because he has a limited education, and because the library at appellant's correctional institution lacked adequate resources was not good cause * * *."); State v. Moss
(May 13, 1993), Cuyahoga App. Nos. 62318 and 62322, unreported, reopening disallowed (Jan. 16, 1997), Motion No. 75838 (applicant's assertion that "because he reasonably relied on the professional knowledge of his appellate counsel, and believed in good faith that he had received adequate representation" is not sufficient to establish good cause); State v. Larson
(Nov. 10, 1993), Cuyahoga App. No. 63001, unreported, reopening disallowed (Aug. 13, 1996), Motion No. 73462, appeal dismissed as not involving any substantial constitutional question (1996), 77 Ohio St.3d 1417 [Case No. 96-1954] (limited research facilities, education level of associate degree and limited abilities in the law not good cause).
State v. Robertson (Dec. 7, 1989), Cuyahoga App. No. 56330, unreported, reopening disallowed (Nov. 13, 1998), Motion No. 94405, at 3-4.
Applicant's failure to demonstrate good cause is a sufficient basis for denying the application for reopening.
Likewise, the affidavit of applicant accompanying the application is not sufficient to comply with App.R. 26(B)(2) which provides, in part:
 An application for reopening shall contain all of the following:
* * *
 (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record * * *
The "Affidavit of Verity" accompanying the application merely states "that the facts herein or attached are true and accurate to the best of my knowledge, information and belief." Compare State v. Towns,
1997 Ohio App. LEXIS 4709 (Oct. 23, 1997), Cuyahoga App. No. 71244, unreported, reopening disallowed (May 4, 2000), Motion No. 6308, at 4-5 (the "Affidavit of Verity" accompanying the application merely stated "that the facts contained in the foregoing Application for Re-Opening are true [and] correct to the best of my knowledge and belief."); State v. Mays
(Oct. 22, 1998), Cuyahoga App. No. 73376, unreported, reopening disallowed (Mar. 20, 2001), Motion No. 16361, at 4-5, appeal dismissed (2001) 92 Ohio St.3d 1414, 748 N.E.2d 547 (the "Outcome of my appeal would have been successful" and "I further swear that all of the allegations made by me inside my application for reopening herein are true and correct."). In both Towns and Mays we held that the applicant's failure to comply with App.R. 26(B)(2)(d) was a sufficient basis for denying the application for reopening.
We must also hold in this case that the affidavit of applicant does not set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d). Applicant's failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening.
Appellee correctly observes that applicant does not argue the ineffectiveness of appellate counsel with respect to either of the two assignments of error in the application:
 I. GUILT BEYOND REASONABLE DOUBT CANNOT BE PREMISED ON PURE CONJECTURE.
 II. IT IS NOT CONSTITUTIONALLY PERMISSIBLE TO CONVICT AN ACCUSED FOR OTHER THAN THE SPECIFIC OFFENSE CHARGED IN THE INDICTMENT.
Applicant cites App.R. 26(B) and State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, on the cover page of the application. Also, in support of his contention that there is good cause for the untimely filing of this application, applicant argues he should not "be held accountable, when it is found out later that his appellate attorney did not bring forth a viable issue that could have possibly changed the total outcome of the appellants appeal." Application, at 1-2 (punctuation in original). Similarly, at the conclusion of the application, applicant refers to "[t]he egregious ineffectiveness of appellants counsel." Application, at 10 (punctuation in original). Otherwise, applicant does not present any basis for concluding that his appellate counsel was ineffective. Rather, as the state correctly observes, applicant merely complains about purported failures by trial counsel, the state and the trial court.
App.R. 26(B) authorizes the filing of an application for reopening and provides, in part: "(1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim off ineffective assistance of appellate counsel." (Emphasis added.) Applicant's assignments of error do not, therefore, provide a basis for reopening.
We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, the Supreme Court specified the proof required of an applicant:
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
Id. at 25. Applicant cannot satisfy either prong of the Strickland
test. We must, therefore, deny the application on the merits.
In his first assignment of error, applicant complains that he was convicted despite the absence of proof beyond reasonable doubt of the elements of murder. Rather, he contends that he was convicted of the murder of his wife "simply for not having a good marriage." Application, at 6.
On direct appeal, appellate counsel assigned two errors one of which challenged "the weight of the evidence." State v. Turner (Nov. 16, 1989), Cuyahoga App. No. 55960, unreported, at 2. After an extensive review of the evidence at trial, this court concluded:
 The sum of this evidence was certainly sufficient to allow a reasonable jury to conclude that defendant had murdered his wife. While there were inconsistencies in the state's evidence, there were also inconsistencies in defendant's testimony. The jury plainly resolved those inconsistencies against him. [State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.] On these facts, we find no error. This assigned error lacks merit.
Id. at 4. In light of this court's determination on direct appeal that the evidence supported the jury's verdict, applicant cannot demonstrate either that his appellate counsel's performance was deficient or that he was prejudiced by the absence of this first, proposed assignment of error.
Applicant was indicted for aggravated murder. The essence of applicant's second assignment of error is that the trial court erred in instructing the jury on the lesser included offense of murder rather than involuntary manslaughter. The standard for determining whether an instruction on the lesser included offense is necessary is well-established.
 The applicable rule is that "even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus.
State v. Raglin (1998), 83 Ohio St.3d 253, 257, 699 N.E.2d 482, 488.
The coroner testified that applicant's wife died between November 27 (Thanksgiving Day) and December 2, 1986. TR. 58. Applicant testified that he had not seen his wife between approximately 8:30 a.m. Thanksgiving Day and the following Tuesday (December 2) when he made a missing person report TR. 831-845.
The state correctly observes that, at the time applicant's wife was murdered, R.C. 2903.04 — which defines involuntary manslaughter — provided, in pertinent part:
 (A) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a felony.
 (B) No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a misdemeanor.
S.B. 199, 139 Ohio Laws, amended in S.D. 275, 144 Ohio Laws. Clearly, the evidence did not support an instruction on involuntary manslaughter. Additionally, such an instruction would have been directly inconsistent with applicant's own testimony. Applicant cannot, therefore, demonstrate either that his appellate counsel's performance was deficient or that he was prejudiced by the absence of this second, proposed assignment of error.
As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
 _________________________ TIMOTHY E. McMONAGLE, J.:
ANN DYKE, J. and PATRICIA A. BLACKMON, J., CONCUR.