JOURNAL ENTRY AND OPINION
{¶ 1} Defendant, Wiley Ivory, has filed a timely application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Ivory
(Mar. 21, 2002), Cuyahoga App. No. 79722. In that opinion, we affirmed defendant's convictions for one count of rape, two counts of kidnapping with sexual motivation specifications, and one count of gross sexual imposition. We decline to reopen Ivory's original appeal for the following reasons:
 {¶ 2} The doctrine of res judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} Herein, Ivory sought to appeal his case to the Supreme Court of Ohio which denied his appeal. Because the issues of ineffective
 {¶ 4} assistance of appellate counsel or the substantive issues listed in the application for reopening were raised or could have been raised, res judicata now bars re-litigation of this matter. We further find that the application of res judicata would not be unjust.
 {¶ 5} Notwithstanding the above, Ivory fails to establish that his appellate counsel was ineffective. In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld an appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745,77 L.Ed.2d 987, 103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes,
supra.
 {¶ 6} Thus, in order for the Court to grant the application for reopening, Ivory must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). "In State v. Reed (1996), 74 Ohio St.3d 534,535, 660 N.E.2d 456, 458, we held that the two prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). Applicant must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a `genuine issue' as to whether there was a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey (1998), 84 Ohio St.3d 24,701 N.E.2d 696, at 25.
 {¶ 7} To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Ivory fails to establish any such deficiency.
 {¶ 8} A substantive review of the application to reopen also fails to demonstrate that there exists any genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel. In his application to reopen, Ivory raises two assignments of error. The first proposed assignment of error states that the trial court committed plain error in allowing jurors to submit questions to witnesses. In support of this argument, counsel cites two cases not from this district which found this practice to constitute reversible error.[1] However, as
 {¶ 9} recognized by the State of Ohio in its brief in opposition, the controlling case in this district is State v. Sheppard (1955),100 Ohio App. 345, 128 N.E.2d 471, which states that permitting jury questioning is within the sound discretion of the trial court. In this matter, Ivory failed to demonstrate that the trial court abused its discretion by allowing jury members to ask questions.
 {¶ 10} We also do not find credence in counsel's argument that appellate counsel was ineffective by failing to raise the issue in light of the Supreme Court of Ohio's decision to certify this issue as a conflict.[2] "Appellate counsel is not responsible for accurately predicting the development of the law in an area marked by conflicting holdings." State v. Munici (Nov. 30, 1987), Cuyahoga App. No. 52579, reopening disallowed (Aug. 21, 1996), Motion No. 71268.
 {¶ 11} Ivory's second proposed assignment of error states that trial counsel was ineffective for failing to object to the inherently, substantially prejudicial practice of allowing jurors to participate in witness questioning. In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 104 S.Ct. at 2065. Debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45, 402 N.E.2d 1189.
 {¶ 12} In this matter we find that counsel's failure to object constituted sound trial strategy. Accordingly, Ivory was not denied the effective assistance of counsel.
Application denied.
ANN DYKE, J. and DIANE KARPINSKI, J. CONCUR.
KEY SUMMARY WORDS
Murnahan — Res Judicata — Juror Questioning
[1] State v. Gilden (2001), 144 Ohio App.3d 69, 759 N.E.2d 468;State v. York (Mar. 28, 2002), Seneca App. No. 13-01-19.
[2] State v. Fisher (2002), 94 Ohio St.3d 1484, 763 N.E.2d 1183.