JOURNAL ENTRY AND OPINION
{¶ 1} Devin Conner has filed a timely application for reopening pursuant to App.R. 26(B). Conner is attempting to reopen the appellate judgment that was rendered by this court in State v. Conner, Cuyahoga App. No. 84073, 2005-Ohio-1971, which affirmed his conviction and sentence for the offenses of possession of drugs (R.C. 2925.11) and preparation of drugs for sale (R.C. 2925.03). For the following reasons, we decline to reopen Conner's appeal.
 {¶ 2} Initially, we find that the doctrine of res judicata bars consideration of Conner's application for reopening. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104. The Ohio Supreme Court has also held that a claim of ineffective assistance of appellate counsel may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204.
 {¶ 3} In the case sub judice, Conner possessed a prior opportunity to challenge the alleged ineffectiveness of his appellate counsel through a direct appeal to the Ohio Supreme Court. Conner, however, failed to file an appeal with the Ohio Supreme Court, with regard to State v. Conner,
supra, and has further failed to provide this court with any reason as to why such an appeal was not filed. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408. Conner has also failed to demonstrate why the circumstances of his appeal render the application of the doctrine of res judicata unjust.
 {¶ 4} A substantive review of Conner's brief in support of his application for reopening also fails to establish the claim of ineffective assistance of appellate counsel. Upon appeal to this court, Conner's appellate counsel was not required to raise and argue assignments of error that are meritless. Jones v. Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308,77 L.Ed.2d 987. Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. Id;State v. Gumm (1995), 73 Ohio St.3d 413, 653 N.E.2d 253; State v.Campbell (1994), 69 Ohio St.3d 38, 630 N.E.2d 339. In addition, Conner must establish the prejudice which results from the alleged deficient performance of appellate counsel. Finally, Conner must also show that but for the alleged deficient performance of appellate counsel, the result of his appeal would have been different. State v. Reed (1996),74 Ohio St.3d 534, 660 N.E.2d 456. Thus, in order for this Court to grant the application for reopening, Conner must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 {¶ 5} In support of his claim of ineffective assistance of appellate counsel, Conner raises four proposed assignments of error:
THE TRIAL COURT ERRED TO DENY APPELLANT DUE PROCESS OF LAW BY SENDING THIS CASE TO THE JURY WHERE VENUE HAD NEITHER BEEN RAISED, ESTABLISHED OR PROVEN.
THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S WHEN HIS CONVICTION AND SENTENCE ARE FOR AN OFFENSE THAT IS NOT LISTED AS OFFENSE IN TILE 29 OF THE OHIO REVISED CODE IN VIOLATION OF DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ALLOWING `OTHER ACTS' UNDER OHIO RULES OF EVIDENCE, RULE 404(B) PURSUANT TO SECTION 2945.59
OF THE OHIO REVISED CODE WHERE SECTION 2945.59 IS UNCONSTITUTIONAL WHERE IT OPERATES TO TO (SIC) INTERFERE WITH THE INDEPENDENT CONSIDERATIONS OF THE JURY BY ESTABLISHING GUILT BEYOND A REASONABLE DOUBT IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT TO NOT GRANT HIS MOTION FOR ACQUITTAL PURSUANT TO CRIM.R. 29.
 {¶ 6} With the exception of the first proposed assignment of error, the issues of sufficiency of the evidence and other acts testimony, as raised through the second, third, and fourth assignments of error, have been previously raised and addressed through the direct appeal. Res judicata thus bars consideration of Conner's second, third, and fourth proposed assignments of error. In addition, the testimony adduced at trial clearly demonstrated that Conner was detained, searched and arrested as a result of committing the offenses of possession of drugs and preparation of drugs for sale within the city of Cleveland, Ohio. Venue was thus proper within the Cuyahoga County Court of Common Pleas. See R.C. 2901.12; Crim.R. 18. Finally, Conner has failed to present any new argument which would cause this court to reverse the appellate judgment which affirmed his conviction for the offenses of possession of drugs and preparation of drugs for sale. State v. Aziz (May 12, 2005), Cuyahoga App. No. 84181.
 {¶ 7} Accordingly, Conner's application for reopening is denied.
Blackmon, A.J., Gallagher, J., Concurs.