[Cite as *State v. Hidey*, 2016-Ohio-7233.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| KODY S. HIDEY | : | Case No. 2016 AP 03 0017 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2015 CR 03 0090

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT:      October 3, 2016

APPEARANCES:

For Plaintiff-Appellant      For Defendant-Appellee

MICHAEL J. ERNEST
Assistant Prosecuting Attorney
125 E. High Avenue
New Philadelphia, Ohio 44663

ADAM WILGUS
401 Tuscarawas Street, W., Suite 200
Canton, Ohio 44702

*Baldwin, J.*

{¶1}   Appellant the State of Ohio appeals a judgment of the Tuscarawas County Common Pleas Court suppressing a cell phone seized from appellee Kody S. Hidey.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}   On October 28, 2014, an armed robbery took place at Marty's Coaches Corner in New Philadelphia, Ohio.  Detective Shawn Nelson of the New Philadelphia Police Department commenced an investigation.  Det. Nelson received a tip from Charla Hamilton on October 29, 2014, that a man by the name of Devonte Sherman might be responsible for the robbery.

{¶3}   Ms. Hamilton informed Det. Nelson that she received a text message on the day of the robbery from Devonte Sherman asking if she knew of anywhere to "make some moves."  She understood "make some moves" to be a slang term for committing a robbery or stealing. She told Det. Nelson that Devonte Sherman did not have a phone, but had been staying with appellee and shared appellee's phone.  The text messages from Sherman came to her from a number she recognized as appellee's cell phone number. She further indicated that Sherman used appellee's phone after the robbery, saying he was "hot" in New Philadelphia and needed to let things cool down before coming back.

{¶4}   After police met with Hamilton, they prepared a photo lineup that was shown to the employees who worked in Marty's Coaches Corner on the night of the robbery. Both employees identified Devonte Sherman as the perpetrator of the armed robbery.

{¶5}   Det. Nelson conducted an interview with appellee at the police department on November 3, 2014.  Det. Nelson asked appellee if he had his phone with him.  He asked appellee to see the phone, saying, "I'm not taking it.  I just want to see it while

you're sitting here with me. Make sure it's off." Tr. 13. After confirming that Sherman used appellee's phone, Det. Nelson told appellee that he was taking the phone. On November 13, 2014, police obtained a search warrant to retrieve the contents of appellee's phone.

{¶6} Appellee was indicted by the Tuscarawas County Grand Jury with one count of aggravated robbery (R.C. 2911.01(A)(1)) with a firearm specification. Appellee filed a motion to suppress all evidence obtained from the warrantless seizure of his cell phone.

{¶7} Following a hearing, the court found that although there may have been probable cause to seize the phone, there were no exigent circumstances to justify the seizure because Det. Nelson knew about the phone's potential link to criminal activity prior to his interview with appellee, and could have obtained a warrant to seize the phone. The court found that even if the seizure was proper, the seizure subsequently became unreasonable because the detective waited ten days after the seizure to obtain a warrant for the information contained in the phone. The court accordingly granted appellee's motion to suppress.

{¶8} Appellant assigns two errors:

{¶9} "I. THE POLICE HAD PROBABLE CAUSE TO SEIZE THE APPELLEE'S CELLULAR PHONE UNTIL A SEARCH WARRANT COULD BE OBTAINED.

{¶10} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SUPPRESSING EVIDENCE SUA SPONTE ON AN ISSUE NOT RAISED BY THE PARTIES OR COURT."

I.

{¶11} Appellant argues that the court erred in finding that the seizure of appellee's cell phone violated the Fourth Amendment.

{¶12} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141(1991); *State v. Guysinger*, 86 Ohio App.3d 592, 621 N.E.2d 726(1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams*, 86 Ohio App.3d 37, 619 N.E.2d 1141 (1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 641 N.E.2d 1172 (1994); *State v. Claytor*, 85 Ohio App.3d 623, 620 N.E.2d 906 (1993); *Guysinger, supra.* As the United States Supreme Court held in *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

**{¶13}** A seizure of personal property is ordinarily *per se* unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warrant issued upon probable cause and particularly describing the items to be seized. *United States v. Place*, 462 U.S. 696, 701, 103 S.Ct. 2637, 2641, 77 L.Ed.2d 110 (1983). However, where law enforcement authorities have probable cause to believe that a container holds contraband or evidence of a crime, but have not secured a warrant, the Fourth Amendment permits seizure of the property, pending issuance of a warrant to examine its contents, if the exigencies of the circumstances demand it or some other recognized exception to the warrant requirement is present. *Id.* Different interests are implicated by a seizure than by a search, as a seizure implicates only the person's possessory interests, while a search affects the person's privacy interests. *Segura v. United States,* 468 U.S. 796, 806, 104 S. Ct. 3380, 82 L.Ed.2d 599 (1984). Because the nature of a seizure is generally less intrusive than a search, the United States Supreme Court has frequently approved a warrantless seizure of property on the basis of probable cause, for the time necessary to secure a warrant. *Id.*

**{¶14}** Although the Ohio Supreme Court has declined to define a cell phone as a closed container, once the cell phone is in police custody, the State has satisfied its immediate interest in collecting and preserving evidence and can take preventive steps to ensure that the information found on the phone is neither lost nor erased. *State v. Smith*, 124 Ohio St.3d 163, 169, 2009-Ohio-6426, 920 N.E.2d 949, 955, ¶ 23 (2009). But because a person has a high expectation of privacy in a cell phone's contents, police must obtain a warrant before intruding into the phone's contents. *Id.*

**{¶15}** The evidence presented at the hearing demonstrated that the detective had probable cause to believe appellee's cell phone contained evidence of the armed robbery of Marty's Coaches Corner on October 28, 2014.  Charla Hamilton told Det. Nelson of a photo of the front page of the local newspaper talking about the robbery which was sent or received from that phone.  Messages from Devonte Sherman asking her about "moves" had come from appellee's phone, as well as Sherman's message that he needed to stay clear of New Philadelphia until things cooled down.  Further, Hamilton had some, but not all, of the messages on her phone to corroborate her statements to police.  Sherman had been identified by both employees from a photo lineup as the person who robbed the store.  While talking to appellee, Det. Nelson confirmed that Sherman had used appellee's phone.

**{¶16}** However, the trial court erred in finding that the exigencies which supported the seizure of the phone were created by Det. Nelson by his failure to secure a warrant to seize the phone, and could not be relied on to support the warrantless seizure of the phone.  The officer testified that prior to locating appellee, he did not have information he needed to get a warrant to seize the phone.  He testified that needed information such as the phone number, the pin number, and the description of the device being sought.  All he knew was that appellee had a phone which may or may not be in his possession, and police would not know where to execute a warrant for the phone.  Further, the court erred in finding that the warrantless seizure was not demanded by the exigencies of the situation.  Appellee knew from the interview that police suspected his phone had been used by Sherman to relay information concerning a crime.  Det. Nelson testified that he therefore had reason to believe that the minute appellee walked out the door, the phone

would be destroyed or thrown in the river, or all the information on it would be deleted. The seizure of the cell phone from appellee at the police interview did not violate the Fourth Amendment.

{¶17} The first assignment of error is sustained.

II.

{¶18} Appellant argues that the court erred in finding the ten-day delay in obtaining a warrant to be unreasonable, as the court raised the issue sua sponte without notice to appellant. Appellant argues in the alternative that the court erred in finding the delay unreasonable based on the evidence presented at the hearing.

{¶19} Although appellee's motion did not raise the issue of the delay in seeking a warrant, we agree with appellant that the evidence presented at the hearing did not support the court's finding that the delay was unreasonable.

{¶20} A seizure based on probable cause is unconstitutional if police act with unreasonable delay in securing a warrant. *United States v. Martin*, 157 F.3d 46, 54 (2d Cir.1998). However, in *Martin*, the United States Court of Appeals for the Second Circuit found that an eleven-day delay in securing a warrant for a package seized without a warrant was not unreasonable. The court relied on several factors in finding the delay was not constitutionally infirm. The time period in question included two weekends and Christmas. *Id.* Martin had assumed the risk that a third party involved in the transaction concerning the package would reveal information to the authorities, and thus his expectation of privacy in the package was weakened. *Id.* Similarly, a seizure is necessarily less intrusive where the owner has relinquished control of the property to a third party. *Id.* Finally, the case was not one where seizure of property would effectively

restrain the liberty interests of the person from whom the property was seized, as is the case where officers seize a traveler's luggage and thereby cause disruption of his travel plans. *Id.*

{¶21} In the instant case, although the officer testified that he was in no hurry to secure a warrant because the phone was secured in the evidence locker, and he perhaps could have obtained a warrant in a more timely fashion, the delay was not unconstitutional. The time period in question, from November 3, 2014 to November 13, 2014, included a weekend and the Veterans Day holiday. Appellee's expectation of privacy in the phone was weakened by the fact that he shared his phone with Sherman. Further, this is not a case where the seizure of the phone restrained appellee's liberty interests, such as the seizure of luggage from a traveler, or deprived him of his residence as in the seizure of a home or apartment.

{¶22} The second assignment of error is sustained.

{¶23} The judgment of the Tuscarawas County Common Pleas Court is reversed. This cause is remanded to that court for further proceedings according to law, consistent with this opinion.  Costs are assessed to appellee.

By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.