[Cite as *State v. Banks*, 2021-Ohio-511.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108166 |
| v. | : | |
| DA'MONTAIS BANKS, JR., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** February 19, 2021

Cuyahoga County Court of Common Pleas
Case No. CR-17-622412-A
Application for Reopening
Motion No. 540657

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon A. Piteo, Assistant Prosecuting Attorney, *for appellee.*

David N. Patterson, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} On August 19, 2020, the applicant, Da'Montais Banks, Jr., pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Banks,* 8th Dist. Cuyahoga No. 108166, 2020-Ohio-3029, in which this court affirmed his

convictions for aggravated murder, murder, attempted murder, aggravated robbery, kidnapping, felonious assault, grand theft, criminal gang activity, having weapons while under disability, tampering with evidence and discharge of a firearm on or near prohibited premises. Many of these charges carried criminal gang activity specifications. Banks now argues that his appellate counsel was so ineffective that he should be entitled to a "do over." Specifically, he maintains that his appellate counsel should have argued that his trial counsel failed to file a motion to suppress evidence from his illegally seized cell phone, failed to request a limiting instruction on other acts evidence and that the trial judge erred in denying a motion in limine precluding the state's gang expert from testifying, particularly because the judge failed to issue written findings of fact and conclusions of law. The state filed its brief in opposition on October 10, 2020. For the following reasons, this court denies the application.

{¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶ 3} In *Strickland*, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that

it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶ 4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶ 5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the

petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶ 6} Banks' arguments concern the testimony of the Cleveland Police Department gang expert, Detective Mobley. In late 2015, Mobley was monitoring gang activity through social media posts and saw evidence that Banks was involved with the Heartless Felons gang. In December 2015, Banks was shot in a drive-by shooting.[1] Mobley testified that he seized Banks' cell phone as evidence at that time. He correctly guessed the cell phone's passcode as numbers Banks repeatedly used and which were associated with the Heartless Felons gang. He was thus able to place the cell phone in "airplane mode," which would prevent the phone from being remotely wiped. He did not search the contents of the phone at that time.

{¶ 7} In February 2016, Banks consented to have police search his phone but they also obtained a search warrant for the phone which contained photos and messages identifying Banks as a Heartless Felon.

{¶ 8} The state proffered Detective Mobley as a gang expert. Defense counsel filed a motion in limine seeking to disqualify him as an expert. The trial

---

[1] This incident was unrelated to the crimes for which Banks faced trial and was convicted.

judge summarily denied the motion, along with other motions in limine seeking, inter alia, to preclude GPS and DNA evidence. At trial, defense counsel conducted a voir dire of Detective Mobley regarding his qualifications and renewed the objection to his being recognized as an expert. The trial judge, after hearing argument, denied the objection and let Mobley testify as an expert.

{¶ 9} Mobley testified that in various photographs and messages, some of which came from Banks' cell phone, Banks identified himself as a member of the Heartless Felons by showing the gang's hand gesture and using gang terms.

{¶ 10} Banks now proposes that his appellate counsel should have argued that, in December 2015, Detective Mobley illegally seized Banks' cell phone because as Banks was the victim of a crime, not the suspect, there was no justification to seize the phone. Thus, any results of the search become fruit of the poisonous tree and inadmissible.

{¶ 11} However, Banks is unable to establish prejudice. The material from the 2015 cell phone was not the only evidence that established Banks as a gang member. There was also the evidence from social media that Mobley presented. Furthermore, this court concluded there was overwhelming evidence of his guilt and that it was unrelated to Mobley's conclusion that Banks was a gang member.

{¶ 12} Moreover, Banks was under investigation as a gang member in December 2015, and the exact specifics of the phone's seizure were not developed. Mobley seized the phone and did only what was necessary to preserve its contents; he did not search it. Other Ohio courts have held that the warrantless seizure of a

cell phone and subsequent search pursuant to a search warrant did not violate the Fourth Amendment. *State v. Hidey,* 5th Dist. Tuscarawas No. 2016 AP 03 0017, 2016-Ohio-7233, and *State v. Cunningham,* 2d Dist. Clark No. 10-CA-57, 2012-Ohio 2794. Given that Banks subsequently consented to the search of the phone and that the police also obtained a search warrant, it is understandable that in the exercise of professional judgment, appellate counsel declined to raise this issue.

{¶ 13} Banks also argues that his trial counsel was ineffective for failing to request a limiting instruction on other acts evidence in violation of his Fourth and Fourteenth Amendment Rights. Although the evidence of Banks' gang affiliation was admissible to prove the gang specifications and the criminal gang activity count, he asserts that the evidence of his gang membership was prior "bad acts" that caused his convictions on the other counts. Again, there was no prejudice. This court ruled that "[t]he evidence establishing Banks' guilt of the underlying counts was both overwhelming and unrelated to Mobley's conclusion that Banks was in the gang." 2020-Ohio-3029, ¶ 45. There was no prejudice from the cell phone evidence.

{¶ 14} Banks now asserts that his appellate counsel should have argued that it was error for the trial judge to deny the motion in limine that Detective Mobley should not testify as an expert witness. However, appellate counsel did argue this issue directly — that the trial court erred in admitting testimony of a "gang expert," in violation of Ohio Evid.R. 702. Following the admonishment of the Supreme Court, this court will not second-guess appellate counsel's tactical decision to address an issue directly, rather than through the lens of a motion in limine.

{¶ 15} Banks also argues that his appellate counsel was so ineffective that he should be granted an entire "do over." Banks' appellate counsel argued that Counts 19 and 33, the murder counts, were not supported by sufficient evidence and were against the manifest weight of the evidence. However, Count 19 was merged with other murder counts, and the trial court sentenced on Count 20; thus, there was no conviction on Count 19. This court ruled that it could not review any error not related to an actual conviction.

{¶ 16} Accordingly, Banks now proposes that appellate counsel's tactical error, which precluded an argument, shows such incompetency that he should be allowed a new appeal. However, this court notes that appellate counsel did present arguments on an independent murder conviction and also argued that Detective Mobley should not have been allowed to testify as an expert. This court again notes that there was overwhelming evidence of Banks' guilt. Thus, prejudice cannot be established.

{¶ 17} Accordingly, this court denies the application to reopen.

---

EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MARY EILEEN KILBANE, J., CONCUR