[Cite as *State v. Hardin*, 2020-Ohio-1052.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-18-014
                                                                          S-18-023
            Appellee                                                      S-18-039

v.                                               Trial Court No. 17CR292
                                                                     17CR1070
Dearlo B. Hardin                                                      17CR917

            Appellant                            **DECISION AND JUDGMENT**

                                                 Decided:  March 20, 2020

* * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney,
Mark E. Mulligan and Joseph H. Gerber, Assistant Prosecuting
Attorneys, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**OSOWIK, J.**

## Introduction

{¶ 1} Over the course of ten months, beginning in late 2016, the defendant-

appellant, Dearlo Hardin, committed a series of felonies, which resulted in four separate

indictments, all of them in the Sandusky County Court of Common Pleas.  Three cases

were resolved by plea agreement, resulting in an aggregate prison sentence of 16 years. The fourth case was dismissed, also by agreement. Hardin appealed all four judgments, although he subsequently withdrew his appeal of the judgment that dismissed his case. We consolidated the remaining three appeals sua sponte. It is those appeals that are currently before us.

{¶ 2} Hardin's single assignment of error pertains to the appointment of counsel in the case that was previously appealed and dismissed. As set forth below, we deny the appeal and affirm the judgments below.

## Procedural History

{¶ 3} On May 2, 2017, Hardin was indicted in case No. 17CR292 on four counts: burglary, in violation of R.C. 2911.12(A)(1), a felony of the second degree (Count 1); aggravated burglary, in violation of R.C. 2911.11(A)(2), a felony of the first degree (Count 2); violating a protective order, in violation of R.C. 2919.27(A)(1), a felony of the third degree (Count 3); and resisting arrest, in violation of R.C. 2921.33(A), a misdemeanor of the second degree (Count 4). Hardin requested that counsel be appointed for him based upon his indigency status. On August 25, 2017, the trial court appointed Attorney Jeffrey Kane to represent Hardin, without objection.

{¶ 4} On December 15, 2017, Hardin was indicted in case No. 17CR1150. According to the docket sheet for that case, Hardin was indicted on three counts: burglary, in violation of R.C. 2911.12(A)(2), a felony in the second degree (Count I); violating a protection order, in violation of R.C. 2919.27(A)(1)(B)(4), a felony of the

2.

third degree (Count 2); and criminal damaging, in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree (Count 3). Hardin was arraigned on February 12, 2018. The trial court joined the case for purposes of trial with case No. 17CR292 because the cases involved the same victim. Again, the trial court appointed Attorney Kane to represent Hardin.

{¶ 5} On April 2, 2018, a change-of-plea and sentencing hearing was held. Under the terms of the plea, Hardin agreed to plead guilty in case No. 17CR292 to two counts of burglary. In exchange, the state agreed not to prosecute the remaining counts in that indictment, to recommend concurrent sentences, and to dismiss case No. 17CR1150 in its entirety. Following a colloquy, the court accepted Hardin's guilty plea, found him guilty, and sentenced him to serve six years in prison as to each offense, to be served concurrently to one another. Case No. 17CR1150 was "dismiss[ed] * * * by separate entry." (April 3, 2018 Judgment Entry in case No. 17CR292). Hardin appealed both judgments but soon withdrew the appeal in case No. 17CR1150. On June 6, 2018, we ordered the appeal dismissed "[i]n accordance with appellant's 'Notice of Dismissal and/or Motion to Dismiss Criminal Appeal,' filed on June 1, 2018."

{¶ 6} The two other cases in this consolidated appeal, case Nos. 17CR1070 and 17CR917, were tried before a different trial judge in Sandusky County. Different counsel was appointed to represent Hardin in these cases (i.e., not Attorney Kane), and Hardin does not challenge either appointment. Therefore, our description of these cases is brief: In case No. 17CR1070, Hardin was convicted of rape, in violation of R.C.

3.

2907.02(A)(2)(B). He was sentenced to serve 60 months in prison, by judgment entry dated May 30, 2018.

{¶ 7} In case No. 17CR917, Hardin was convicted of burglary, in violation of R.C. 2911.12(A)(2). He was sentenced to serve 60 months in prison, by judgment entry dated December 3, 2018. The sentences were ordered to be served consecutively to each other and to 17CR292, for a total prison sentence of 16 years.

{¶ 8} Hardin assigns a single assignment of error for our review:

> The Trial Court committed reversible error at the arraignment by infringing upon the due process right of Dearlo B. Hardin ("Appellant") to select an attorney of his own choice without the Trial Court first ascertaining whether Appellant wanted to hire or be appointed said attorney when the Trial Court selected the attorney for Appellant.

**Law and Argument**

{¶ 9} Hardin's sole assignment of error pertains to his "arraignment [on] February 12, 2018" in case No. 17CR1150, i.e., the case that was previously appealed and dismissed. Specifically, Hardin claims that the trial court failed to "clarify[]" that Hardin could hire "his own" lawyer (at his own expense) or accept a court-appointed lawyer (at state expense). Hardin alleges that the trial court "forced [him] to be represented" by court-appointed counsel without first confirming that Hardin did not want to hire private counsel.

{¶ 10} We agree with the state that Hardin is attempting to challenge a decision by the trial court in a case that was dismissed against him, then appealed (by Hardin), and then voluntarily withdrawn (by Hardin). Case No. 17CR1150 has long-since resolved in terms that were favorable to Hardin. In any event, this court has no jurisdiction to consider Hardin's assignment of error.

{¶ 11} Hardin's assignment of error is found not well-taken. Accordingly, the following judgments of the Sandusky County Court of Common Pleas are affirmed: the April 3, 2018 judgment entry in case No. 17CR292, the May 30, 2018 judgment entry in case No. 17CR1070, and the December 3, 2018 judgment entry in case No. 17CR917. Pursuant to App.R. 24, Hardin is ordered the pay the costs in these appeals. It is so ordered.

Judgments affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.