[Cite as *State v. Hardin*, **2020-Ohio-5039.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals Nos. S-18-014
                                                                           S-18-023
        Appellee                                                      S-18-039

v.                                                Trial Court Nos. 17CR292
                                                                           17CR1070
Dearlo B. Hardin                                              17CR917

        Appellant                        **DECISION AND JUDGMENT**

                                         Decided:  October 22, 2020

* * * * *

Dearlo B. Hardin, pro se.

* * * * *

**OSOWIK, J.**

**{¶ 1}** On August 3, 2020, the defendant-appellant, Dearlo Hardin, filed an application under App.R. 26(B) to reopen one of the appeals decided by this court in *State v. Hardin,* 6th Dist. Sandusky Nos. S-18-014, S-18-023, S-18-039, 2020-Ohio-1052, on March 20, 2020.  The state did not respond to the application.  As set forth below, we grant the application.

{¶ 2} Under App.R. 26(B)(1), a criminal defendant can apply for reopening of his appeal from a judgment of conviction and sentence on a claim of ineffective assistance of appellate counsel. The application for reopening "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

{¶ 3} The two prong analysis found in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 67 (1984), is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E. 696 (1998). Thus, the applicant "must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful." *Id.*, citing *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996). The applicant "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Id.*, citing *Reed*.

{¶ 4} Hardin alleges that he received ineffective assistance of appellate counsel, with respect to Sandusky County Court of Common Pleas case No. 17CR292. In that case, Hardin pled guilty and was convicted of two counts of burglary and sentenced to serve two, six-year prison terms, to be served concurrently. *Id.* at ¶ 5. In his direct appeal, Hardin—through his appellate counsel—raised no assignment of error with respect to that case, and the conviction and sentence were affirmed. *Id.* at ¶ 11.

2.

**{¶ 5}** In his application, Hardin claims that his appellate counsel should have raised multiple legal errors surrounding the trial court's appointment of Attorney Jeffrey Kane to represent Hardin at trial. According to Hardin, Kane worked as the prosecutor—in this case—before leaving that job to work as a defense attorney.

**{¶ 6}** Hardin's application is supported by a sworn statement, as required by App.R. 26(B)(2)(d), and over a dozen exhibits. Of note is Hardin's claim that, during a preliminary hearing in case No. 17CR292, he was "bound * * * over for trial" and the "the Prosecuting Attorney was Jeffery Kane." Hardin further alleges that at his subsequent arraignment, the trial court "appoint[ed] his Municipal Prosecutor on this same case (17CR292), Jeffery Kane, to represent [him] as [his] defense counsel --- in this same case." Hardin claims that Attorney Kane had a clear conflict of interest that caused Hardin actual prejudice in that it influenced the attorney's judgment, specifically with respect to whether or not to challenge Hardin's competency to stand trial and/or to pursue a not guilty by reason of insanity defense. Hardin alleges that if his proposed assignments of error had been raised, there is a reasonable probability that his appeal would have been successful.

**{¶ 7}** Given the conflict of interest alleged in this case, the allegation that trial counsel was motivated to "silence the record" based upon that conflict of interest, and appellate counsel's failure to raise any assignment of error, we find that there is a genuine issue as to whether Hardin was deprived of the effective assistance of counsel on appeal. Therefore, the reopening of Hardin's appeal in case No. 17CR292 is warranted.

3.

{¶ 8} This case shall proceed as on an initial appeal on the sole assignments of error presented in Hardin's application, pursuant to App.R. 26(B)(7). Hardin's brief shall be filed within 20 days of the date of this judgment. The state may serve and file its brief within 20 days after service of Hardin's brief, and Hardin shall file any reply within ten days after service of the state's brief. *See* App.R. 18(A).

{¶ 9} Russell Leffler, 65 Christie Avenue, P.O. Box 873, Norwalk, OH 44857, is appointed counsel for purposes of this reopening.

{¶ 10} The clerk shall serve notice of journalization of the entry of this order on the parties and the clerk of the trial court. It is so ordered.

Application granted.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.