[Cite as *State v. Hardin*, 2021-Ohio-3764.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                        Court of Appeals No. S-18-014
                                                                                S-18-023
            Appellee                                                        S-18-039

v.                                                           Trial Court No. 17CR292
                                                                                17CR070
Dearlo B. Hardin                                                        17CR917

            Appellant                              **DECISION AND JUDGMENT**

                                                            Decided:  October 22, 2021

* * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Alexis M. Hotz, Assistant Prosecuting Attorney, for appellee.

Anthony J. Richardson, II, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from the judgment of the Sandusky County Court of

Common Pleas, which convicted and sentenced appellant to two offenses in case No.

17CR292, one of appellant's three criminal cases to which his appeals were assigned case

Nos. S-18-014, S-18-023, and S-18-039.  By previous orders of this court, appellate case

Nos. S-18-014, S-18-023, and S-18-039 were consolidated into case No. S-18-014.  For

the reasons set forth below, this court affirms the judgment of the trial court.

## I.  Background

{¶ 2} The procedural histories of the underlying criminal cases to this appeal (case

Nos. 17CR292, 17CR1070 and 17CR917) were reviewed by this court in *State v. Hardin*,

6th Dist. Sandusky No. S-18-014, 2020-Ohio-1052, ¶ 3-7, in which we affirmed the

judgments of the trial court convicting appellant of a total of three counts of burglary and

one count of rape and sentencing him to a total of 16 years in prison.

{¶ 3} We subsequently granted appellant's motion to reopen his appeal for case

No. 17CR292 on a claim of ineffective assistance of counsel. *State v. Hardin*, 6th Dist.

Sandusky No. S-18-014, 2020-Ohio-5039, ¶ 7.  In case No. 17CR292, appellant pled

guilty to one count of burglary, a violation of R C 2911.12(A)(1) and a second-degree

felony, and one count of the amended offense of burglary, a violation of R C

2911.11(A)(2) and a second-degree felony.  By judgment entries journalized on April 3,

2018, the trial court accepted those guilty pleas and sentenced appellant to two six-year

prison terms to be served concurrently.

{¶ 4} Appellant sets forth one assignment of error in this appeal:

(1)  Reversal is proper where trial counsel [was] ineffective by

failing to raise an issue of appellant's competence to stand trial.

2.

## II.  Ineffective Assistance of Counsel

**{¶ 5}** In support of his sole assignment of error, appellant argues that his trial counsel was ineffective in case No. 17CR292 for failing "to raise his concern of his competency and rights under R.C. 2945.37."  Appellant points, in general, to unspecified notices to his trial counsel and the trial court "that he had concerns about his mental capacity and competency to assist, plead, and/or proceed to trial."  As a result of his trial counsel's ineffective assistance, appellant argues he "would not have entered into *Alford* plea[s] and would have fought, and possibly beat, his cases."

**{¶ 6}** Appellant further argues his trial counsel's "omissions reflect a misunderstanding of the import of his wishes and rights, and that it was counsel's duty to act to secure confidence in the process by ensuring appellant's competence and ability to proceed and aide in his defense."  Only "a medical professional would have been able to make a proper determination," which his attorneys did not pursue.  Appellant concludes that the presumption of his competency to stand trial pursuant to R.C. 2945.37(G) was overcome by his inability prior to trial to consult with his lawyers with a reasonable degree of rational understanding and a lack of understanding of the proceedings against him pursuant to *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 32.

**{¶ 7}** An ineffective assistance of counsel claim must overcome the strong presumption that a properly licensed Ohio lawyer is competent.  *State v. Hamblin*, 37

3.

Ohio St.3d 153, 155-56, 524 N.E.2d 476 (1988). The record does not show appellant questioned the licensure of his trial counsel, so his competence is presumed.

{¶ 8} To overcome this presumption of competence, appellant has the burden to show both: (1) deficient performance by his trial counsel below an objective standard of reasonable representation, and (2) a reasonable probability of prejudice that but for his trial counsel's errors, he would not have been convicted of the two burglary offenses pursuant to case No. 17CR292. *State v. Bradley*, 42 Ohio St.3d 136, 137, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. Appellate scrutiny of trial counsel's performance is highly deferential. *Id.* at 142. "Debatable trial tactics generally do not constitute a deprivation of effective counsel." *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995).

{¶ 9} Rather than finding in the record appellant's alleged incompetency to stand trial, we find the record demonstrates precisely how competent he really was. To the extent that appellant points to portions of the records of his criminal cases other than case No. 17CR292, those records are not before us in this appeal App.R. 9(A)(1).

{¶ 10} We are not required to search the record for the evidence supporting appellant's assignment of error. App.R. 16(D). Nevertheless, we found four instances in the record where appellant potentially raised the question of his competency. However, we find none show appellant's inability to comprehend his the circumstances with the trial court or his inability to assist with his defense.

4.

{¶ 11} First, the record shows that at his February 15, 2018 hearing in case No. 17CR292, after the trial court previously revoked bond and ordered capias, appellant seems to offer an explanation for his ongoing victimization of the same victim by stating, "I ain't been right [in the head]. * * * I got on drugs, like real bad." Other than appellant's self-evaluation of his drug problem, he does not offer evidence of his alleged incompetence to stand trial.

{¶ 12} Second, the record shows that on March 1, 2018, while represented by his trial counsel in case No. 17CR292, appellant sent a pro se letter to the trial court judge in which he states that he would like to change his plea and enter "a plea of not guilty By reason of Insanity" (sic.) asserting that he "was not competent at the times I allegedly committed these crimes." There is no entry in the trial court's docket that appellant filed a motion to change his plea from not guilty to not guilty by reason of insanity. Other than appellant's self-serving statements in his letter, he does not offer evidence of his alleged incompetence to stand trial.

{¶ 13} Third, at the April 2, 2018 plea change hearing appellant entered his guilty pleas to the burglary offenses in case No. 17CR292. The record includes appellant's written "Plea of Guilty Felony 2" that identifies the two medications he was currently taking and which, in the hearing transcript, appellant explained to the court were psychotropic drugs. While taking the psychotropic drugs appellant stated he was lucid, could think clearly, and understood what he was talking about. In addition, appellant stated during the hearing that for five months he participated in drug rehab for cocaine,

5.

heroin and marijuana and had a relapse due to witnessing the death of a ten year old boy. Appellant also stated that he had 16 children of his own. Despite appellant's characterization of his guilty pleas on appeal, there is no indication he offered his guilty pleas in case No. 17CR292 pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). We find nothing in his lengthy plea colloquy with the trial court that would evidence some indicia of incompetence.

{¶ 14} Fourth, at his May 30, 2018 plea change hearing where he entered *Alford* guilty pleas to the offenses in case Nos. 17CR917 and 17CR1070, which are not part of this appeal, there is a passing reference to a bipolar condition. Appellant apologized for wasting the court's time and also thanked the court "for coming up with this deal * * * so that I can have a chance to get out in 10 and a half years if everything goes well." Appellant reminded the trial court that he had 16 children: ten daughters and six sons. Throughout the hearing appellant is articulate in his responses to the trial court. Again, that plea colloquy is not part of this appeal.

{¶ 15} "The constitutional standard for assessing a defendant's competency to enter a guilty plea is the same as that for determining his competency to stand trial." *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 56. The test for competency to stand trial is set forth in *Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, at ¶ 32, where the Ohio Supreme Court held two factors must be shown by appellant: (1) whether appellant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and (2) whether appellant

6.

has a rational as well as factual understanding of the proceedings against him.  Pursuant to R.C. 2945.37(G), appellant is presumed to be competent to stand trial, and he bears the burden to prove by a preponderance of the evidence that he is not competent.  *Id.*  The Ohio Supreme Court recognizes that incompetency is not automatic upon a proffer of a mental concern for a defendant.  *Id.* at ¶ 48, citing *State v. Bock*, 28 Ohio St.3d 108, 110, 502 N.E.2d 1016 (1986) ("Incompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel.").

{¶ 16} "Incompetency is defined in Ohio as the defendant's inability to understand "* * * the nature and objective of the proceedings against him or of presently assisting in his defense.'" *Bock* at 110, quoting R.C. 2945.37(A).  Specifically relevant to this case, a defendant is not per se incompetent solely because of a history of receiving mental health treatment or receiving psychotropic drugs or other medication, "even if the defendant might become incompetent to stand trial without the drugs or medication."  R.C. 2945.37(F).

{¶ 17} Nevertheless, appellant asserts it was "obvious" he was attempting to seek a competency evaluation and hearing prior to trial.  Appellant argues that in March 2018 he filed "various motions * * * in essence requesting a competency evaluation and new counsel."  Due to his trial counsel's alleged failure to raise the issue of appellant's competency, "the trial court did not hold a hearing, did not order a mental health

7.

evaluation, and did not offer appellant a meaningful opportunity to be heard on the matter of his competence." Had a "medical professional" evaluated him, appellant argues he "may have been medicated and, as a result, been able to adequately assist in his defense."

{¶ 18} The right to a competency hearing is governed by R.C. 2945.37(B). The Ohio Supreme Court has held that the right to a competency hearing prior to the commencement of trial rises to the level of a constitutional due process guarantee only where the record contains sufficient indicia of incompetence such that an inquiry is necessary to ensure the defendant's right to a fair trial. *Montgomery* at ¶ 55.

{¶ 19} Appellant bears the burden to prove by a preponderance of the evidence that he is not competent. We are left to speculate to find such sufficient indicia of incompetence in the record because, contrary to appellant's assertion, his incompetence was not "obvious" when he entered his guilty pleas on April 2, 2018, in case No. 17CR292. The record is devoid of appellant's alleged "various motions," other than his March 1, self-serving, pro se letter to the trial court. Appellant argues on appeal "he was heavily medicated, noticeably confused, laughing presumably in a manic state, pleading his innocence, and speaking in a disjoined manner" on April 2. Rather, we find the record shows that on and after April 2, appellant was actively taking psychotropic drugs that made him lucid and think clearly, by his own testimony and as evidenced by his answers to the guilty plea colloquy questions presented to him by the trial court and his trial counsel. *Id.* at ¶ 57. Appellant confirmed in the record that he consulted with his trial counsel, understood the nature of the proceedings he faced and his options, and

8.

voluntarily, knowingly, and intelligently entered his guilty pleas. *State v. Brown*, 8th Dist. Cuyahoga No. 95481, 2011-Ohio-2285, ¶ 24.

{¶ 20} As shown in the record, appellant "was able to think clearly, but may not have always made decisions that were in his best interest." *State v. Brown*, 8th Dist. Cuyahoga No. 95481, 2011-Ohio-2285, ¶ 26 (finding trial counsel was not ineffective for not requesting a competency evaluation). Mere awareness by the trial court of appellant's mental health issues did not necessarily mean appellant was unable to think clearly or make rational decisions. *Id.* at ¶ 25. Appellant may now regret his decision to plead guilty to the two burglary offenses, but he fails to meet his burden to show an entitlement to a competency evaluation and hearing prior to entering them. *Montgomery* at ¶ 57 (finding it is noteworthy from the record when nobody questions the defendant's competency from his behavior in court).

{¶ 21} Although appellant seeks to distinguish his case from our decision in *State v. Bryant*, 6th Dist. Lucas No. L-08-1138, 2009-Ohio-3917, based on his personally raising the issue of competence, we do not concur. In *Bryant*, appellant argued that he had "previously been diagnosed with mild mental retardation, very low frustration tolerance." Trial counsel stated that appellant was drug dependent on crack cocaine. A request by appellant himself to enter a plea of not guilty by reason of insanity does not provide evidence addressing the need to make a further pertinent inquiry to determine competency. *Id.* at ¶ 9-10.

9.

{¶ 22} Even if we assume for purposes of the two prongs of ineffective assistance that appellant's trial counsel's performance was deficient in failing to raise the issue of competency and in failing to secure a competency examination prior to entering his guilty pleas, appellant still fails to show he was prejudiced due to those alleged failures. *Id.* at ¶ 35. Here, as we said in *Bryant*, we find from our review of the evidence in the record there is a lack of support for appellant's claim that he was not competent to enter his guilty pleas, despite appellant's self-serving claims his incompetence was "obvious." *Id.*

{¶ 23} We reviewed the entire record and do not find that appellant's trial counsel's performance was ineffective. We do not find both deficient performance by his trial counsel below an objective standard of reasonable representation and a reasonable probability of prejudice that but for his trial counsel's alleged errors, appellant would not have been sentenced to six years in prison for his two burglary convictions in case No. 17CR292.

{¶ 24} Appellant's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 25} On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Thomas J. Osowik, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE


_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.